C. T. ZAPP V. F. B. DAVIDSON ET AL.

Decided November 23, 1899.

1.  Landlord's Lien—Contract Not Waiving.

Where a lease contract stipulated that the lessees should pay a certain money rent per acre for the land, and that the cotton to be raised thereon should be sold at the most profitable market and the lessor's part be paid over to the person he might direct it to be paid to, and that the lessor should have a lien on all the crops to secure the rent, this did not divest the lessor of his lien, nor empower the lessee to sell the cotton free of the lien.

2.  Venue—Joint Defendants.

The contract of one or more defendants to be sued in a county other than that of their residence does not bind another defendant who was not a party to the agreement; and the rule is applied though he signed the agreement, where he is not sued upon the agreement but upon a different liability growing out of a conversion.

3.  Practice on Appeal—Cross-Assignment.

Where the judgment below was in defendant's favor, but upon an erroneous ground, it can not be affirmed upon his cross-assignment that his plea of privilege to be sued in another county was erroneously stricken out, the facts of such plea not having been heard and their truth shown.

APPEAL from the County Court of Fayette. Tried below before Hon. JOSEPH EHLINGER.

*Brown & Lane*, for appellant.

*J. F. Wolters*, for appellee.

GILL, ASSOCIATE JUSTICE.—This action was brought by appellant C. T. Zapp against appellees, N. W. J. and F. B. Davidson, for rent of certain land, situated in Navarro County, for the year 1897, and to foreclose a landlord's and mortgage lien on twelve bales of cotton, and against appellee P. Freeman to recover the value of said cotton, which was alleged to have been converted by him and removed beyond the reach of the process of the court.

The suit was brought in Fayette County under an allegation that the Davidsons, though living in Navarro County, had contracted to pay the rent in Fayette County. Freeman, who was alleged to reside in Ellis County, interposed a plea of privilege setting up his right to be sued in the county of his residence. This plea was stricken out for want of legal sufficiency. Thereupon Freeman urged exception to the petition on the ground that it showed no cause of action against him, the rent contract attached to the petition showing on its face that the tenant had the right to sell the cotton and account to Zapp for his rent. This exception was sustained by the court, and Freeman was dismissed with his costs.

The Davidsons did not answer and judgment by default was rendered against them.

This appeal is from the judgment sustaining Freeman's exceptions and

dismissing him from the cause, and by appropriate assignments of error the action of the trial court is presented for revision.

The rent contract attached to the petition is as follows:

"RICE, TEXAS, July 1, 1896.

"This is to certify that I have rented from C. T. Zapp about ninety-five acres of land, a part of the C. T. Zapp farm, about five miles east of Rice, Texas, to be farmed by me for the crop season of 1897; and I, we, or either of us agree to pay to the said C. T. Zapp, at Zapp, Texas, as rental for said land, the sum of $3.50 for each acre of said land planted with corn, sugar cane, cotton, oats, etc., during the season of 1897; cotton crop to be sold at the most profitable market, and C. T. Zapp's part to be paid over to the person he may direct it to be paid to. I agree to work the land in a thorough, farm-like manner, and to pay to said Zapp money rent for all land rented by me at the rate of $3.50 an acre, and I hereby give to the said Zapp a lien on all crops to be grown by me to secure the payment of the above mentioned rents and advancements, if any; land rent amounting to about $245, more or less, is due and payable on September 20th and October 1, 1897. I agree to keep the place in good fix free, and not to turn any stock in the field.

(Signed)    "N. W. J. DAVIDSON,
"P. FREEMAN,
"N. A. DAVIDSON.

"If you can not get more than 4 cents a pound for your 1897 cotton I will allow you 50 cents an acre. Let your brother sign, too.
"C. T. ZAPP."

After a careful inspection of the instrument we are of opinion that the exception should not have been sustained, and that the action of the court thereon was error requiring the reversal of this cause.

The instrument should be construed as a whole, and inasmuch as it recites a lien upon the cotton and contains no explicit authority to sell and collect the proceeds, the mere recital, "the cotton to be sold at the most profitable market and Zapp's part to be paid over to any person he may direct," should not be construed as destructive of the part explicitly providing for a lien in favor of Zapp, and the purchaser from the Davidsons bought subject to Zapp's lien, notwithstanding that provision.

Appellee Freeman, under cross-assignments of error, assails the action of the lower court in striking out his plea of privilege to be sued in Ellis County. We are of opinion that the plea was sufficient in substance and form, and should have been heard and determined. The case as made by the petition did not present as a supposable case that Freeman had contracted in writing to be sued in Fayette County. The action as against him was not upon contract, but for conversion. The plea sufficiently negatived such other supposable matter as the nature of the case suggested. It is now well settled that the contract of one or more defendants to be sued in a county other than that of their residence does

not bind one not a party to such agreement. In such case the venue is fixed by the article of the statute governing venue generally. Drug Co. v. Hamilton, 92 Texas, 284; Lindheim v. Muschamp, 72 Texas, 35; Cohen v. Munson, 59 Texas, 236; Floyd v. Gibbs, 34 S. W. Rep., 154.

The judgment, however, can not be affirmed on this cross-assignment. It not having been heard, its truth was not made to appear. It can not be assisted by the averments in the petition, as the question was not raised by exception. Had this been done, the result of this appeal would be otherwise.

For the reasons given above, the judgment is reversed and the cause remanded for proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded.*