## S. H. LUMPKIN ET AL. V. MILLARD STORY ET AL.

Decided February 26, 1908.

**1.—Venue—Plea of Privilege—Foreclosure.**

Where suit for recovery upon a note and for foreclosure of its vendor's lien on land is brought in the county in which the note is made payable, the land being situated in another, parties defendant residing on and claiming the land and against whom foreclosure was sought, but who were not signers of the note, could, it seems, avail themselves, by proper plea, of their right to be sued in the county of their residence.

**2.—Same—Trespass to Try Title.**

Plaintiff sued in D. County on a note there payable and to foreclose a lien on lands in B County, and made defendants persons claiming and residing on the land in B. County, who were not parties to the note, and who plead limitation against its foreclosure; he then amended, seeking recovery in trespass to try title. Held, that such defendants who had throughout asserted by proper plea their right to be sued only in the county of their residence, were entitled to that privilege.

**3.—Same—Case Distinguished.**

Kendall v. Hackworth, 66 Texas, 499, distinguished.

**4.—Plea of Privilege—Change of Venue.**

On sustaining defendants' plea of privilege to be sued in the county of their residence, the venue should be changed to that county and the original papers and transcript of the proceedings certified to the proper court thereof. (Act of April 18, 1907, Laws 30th Leg., pp. 248, 249, Rev. Stats. art. 1194c).

Appeal from the District Court of Dallas County. Tried below before Hon. T. F. Nash.

*S. H. Lumpkin,* for appellants.—To entitle plaintiffs to sue in a county other than the residence of the defendants, they must bring their case clearly within one of the exceptions of the statute. Sayles' Civil Statutes, art. 1194; Cohen v. Munson, 59 Texas, 237; Lindheim v. Muschamp, 72 Texas, 35; Phillio v. Blythe, 12 Texas, 128-9; Mahon v. Cotton, 35 S. W., 869; Drug Co. v. Hamilton & McCarty, 92 Texas, 287; Morris v. Russell, 12 Texas, 175; 16 Texas, 327.

The court below did not have jurisdiction over the appellants upon their pretended original suit on the vendor's lien notes, for the reason that it was a foreclosure suit (even if notes were not barred) and was against the claim of appellants, who did not derive any title from the Storys, the vendors of Moffatt, and that appellant Lumpkin's title could not be determined in the foreclosure suit. Wolf v. Harris, 48 S. W., 529; Faubian v. Rogers, 66 Texas, 473; Jones on Mortgages, secs. 1440, 1445; Shropshire v. Dunson, 32 Texas, 467.

All of the pleadings of the plaintiffs show that all of the land is and all of the defendants reside in Bosque County, Texas, and not in Dallas County, Texas; and the said trial court should have sustained the demurrers to the jurisdiction and dismissed the case so far as said Lumpkin and Walker were concerned.    Same authorities. Also:  Sayles' Civil Statutes, art. 1149, sec. 14; Ft. Worth & Denver Ry. Co. v. Jenkins, 29 S. W., 1113; Russell v. Railway Co., 68 Texas, 650; Martin v. Robinson, 67 Texas, 382; Hanner v. Caudle, 49 S. W., 411; Harrington v. Williams, 31 Texas, 458; McKnight v. Railroad, 55 S. W., 558.

Where owner is in one county and the land is in another county, the suit involving the land must be brought in the county where the land lies.   Harrington v. Williams, 31 Texas, 45.

*R. K. Craig,* for appellees.—The notes for the purchase money of the land, for a recovery on which and a foreclosure of the lien the suit was originally brought, being by their terms payable in Dallas County, suit was properly brought in Dallas County against the maker. And appellants being in possession of the land, claiming as to a part of the land under the title for the purchase of which the notes were given, were proper parties to such suit.   Rev. Stats., art. 1194, par. 1.

Appellants (defendants below) having interposed the plea of the statute of limitations, the plaintiffs had the right to amend and set up their superior title and seek a recovery of the land.   And such right of amendment was not affected by the fact that the defendants were not residents of Dallas County, or that the land was situated in another county.    The court had jurisdiction of the subject matter; the parties were properly in court, and the amendment was one authorized by the rules of pleading and practice, and the statutes of amendments.    Bonner v. Hearne, 75 Texas, 251-252; Wilson v. Pecos Ry., 23 Texas Civ. App., 706; Ufford v. Wells, 52 Texas, 617; Stone Land & Cattle Co. v. Boon, 73 Texas, 555-556; White v. Cole, 87 Texas, 502; Gardner v. Griffith, 93 Texas, 358; McPherson v. Johnson, 69 Texas, 484; Kendall v. Hackworth, 66 Texas, 499; Dittman v. Iselt, 52 S. W., 96; Reagan v. Evans, 2 Texas Civ. App., 41.

RICE, ASSOCIATE JUSTICE.—This was an action originally brought by the plaintiffs in the court below on five vendors' lien notes against T. M. Moffatt, as maker thereof, and against S. H. Lumpkin and Eli Walker, appellants herein, as parties in possession of the land for which they were given.    All parties defendants were residents of Bosque County, where the land upon which foreclosure was sought lay.

The defendant Moffatt failed to appear and made default.    Appellants Lumpkin · and Walker filed their plea of privilege, properly verified, to the effect that they were residents of Bosque County, and not of Dallas County, and that the land for which the foreclosure proceedings were instituted is situated wholly within Bosque County, and that they had not signed the notes, or either of them, upon which the suit was instituted.    Likewise they filed general and special demurrers to the jurisdiction of the court on account of alleged misjoinder of parties defendant; and by special demurrer urged that

the petition disclosed upon its face that the notes sued upon were barred by the four years statute of limitations.

Defendant Walker plead that he was a tenant of Lumpkin's, and disclaimed all right, title and interest to the land, except that he had rented the same from the defendant for the year 1906.

Appellant Lumpkin also filed a general denial; and plead that the notes were not the property of plaintiffs; likewise the four, three and five years statutes of limitations.

Thereupon the appellees filed their first amended original petition, changing their suit from one of foreclosure of vendor's lien to a suit in the form of trespass to try title. Whereupon appellants filed their first amended original answer, containing their plea of privilege and setting up substantially the same defenses as in their original answer, with addition of pleas of not guilty, and three, five and ten years statutes of limitations.

Appellees thereafter filed their second amended original petition, in form of trespass to try title, omitting all allegations as to vendor's lien notes, and alleging ouster on January 1, 1905.

Trial was had before the court without a jury, and resulted in a judgment overruling appellant's plea of privilege and their demurrers to the jurisdiction of the court, rendering judgment by default against Moffatt, and against appellants for an undivided three-fifths interest in the land sued for, from which judgment this appeal is prosecuted. Appellants by their first assignment questions the correctness of the judgment overruling their plea of privilege.

Whilst it is true that the notes sued upon promised payment thereof in Dallas County, still the defendants Lumpkin and Walker, neither being parties to said notes, and each of whom were residents of Bosque County, Texas, in which the land is situated, and having at the first opportunity and *in limine* set up by a plea of personal privilege their right to be sued in the county of their residence, and which plea was not waived but strenuously urged throughout the case, we are inclined to the opinion that that plea should have been sustained and the suit as to them dismissed with their costs. (Sayles' Texas Civ. Stat., art. 1194; Behrens Drug Co. v. Hamilton & Mc-Carty, 92 Texas, 287; Cohen v. Munson, 59 Texas, 237; Linheim v. Muschamp, 72 Texas, 35; Phillio v. Blythe, 12 Texas, 128-9; Mahon v. Cotton, 13 Texas Civ. App., 239; Morris v. Runnells, 12 Texas, 175; 16 Texas, 327.)

Conceding that the plaintiffs below had the right to change their suit from one of foreclosure of vendor's lien to that of trespass to try title, still the appellants having promptly filed their plea of privilege to the original suit, and having urged the same to the amended suit, they lost no right to have the same considered by the court. The cases cited by appellees to sustain their contention go no further than to establish the doctrine that plaintiffs had the right to change their suit from foreclosure to one of trespass to try title, when this is made necessary by a plea of limitation urged to the notes.

The principal case, that of Kendall v. Hackworth, 66 Texas, 499, relied upon by appellees in support of the ruling of the trial court relative to appellants' plea of privilege, we think is not in point,

because that was a suit to settle a partnership transaction, and defendant in that case, while pleading his privilege to be sued in Harris, the county of his residence, concluded his plea by saying that the same was "in abatement of this suit, insofar as the plaintiff sought to recover of defendant other relief than the establishment of plaintiff's alleged interest in the McCormick lands," thereby seemingly admitting that, as to a part of plaintiff's cause of action, the District Court of Ft. Bend had jurisdiction, and if it had jurisdiction as to part of the cause of action against the defendant in order to avoid multiplicity of suits, then it could exercise it as to other matters pleaded. But apart from this, it appears that the parties by consent changed the venue of the case from Ft. Bend to Harris County, the residence of the defendant therein, and that the exceptions to the jurisdiction were not urged until after the case had been called in Harris County, the county of defendant's residence, which would ordinarily be held a waiver of the plea of privilege. Therefore we think that that case is clearly distinguishable from the one at bar, and that the court correctly held that "if a party has been properly sued in a county other than that of his domicile, the subsequent proceedings in respect to the matters that may be litigated in it under amendments varying the character of the issues to be tried and what subject matters may be added by way of amendment for determination in that suit, are to be determined not on a question of privilege as to where such matters may be tried, but according to the rules of law which determine what may be added by way of amendment to the subject of litigation as it was presented in the original petition."

Quoting again from the same case, the court says: "This case having been by consent of parties removed by change of venue to Harris County, where the defendant resides, and his plea in abatement and exceptions to the jurisdiction having been filed after the case was pending in the District Court of Harris County, it requires a nice discrimination, we think, to perceive the merit of defendant's objection. If his privilege was to be sued in Harris County, the change of venue to that county had the effect to accord to him all the benefits contemplated by the privilege the statute accords to him, and in such case the law, which does nothing vainly, would not, whilst the case was pending in Harris County, dismiss it in order that it might be brought anew in that county."

Without referring specially to the other cases cited by appellant, we think that they are all distinguishable from the case at bar, and do not militate against the principle herein announced. We think our statute, art. 1194, which declares that "no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile," was intended to give a substantial right to defendants, and that the courts are not justified in reading into or engrafting exceptions upon the same. In this case appellants Lumpkin and Walker had not signed the note upon which the suit was brought, and they did not come within any of the other exceptions named in the statute authorizing suit against them in a county other than that of their residence. Therefore, they had the right to be sued in the county of their residence, which right had not been waived

by them. We therefore believe that the trial court erred in overruling their plea of privilege.

This ruling makes it unnecessary for us to consider any of the other numerous assignments of errors alleged to have occurred on the trial of the case on its merits.

Chapter 4, Title 30, of the Revised Statutes, was amended by the Acts of the 30th Legislature, page 248-9, by adding arts. 1194a, 1194b and 1194c to art. 1194. Article 1194c reads as follows: "Whenever a plea of privilege to the venue to be sued in some other county than the county in which the suit is pending shall be sustained, that the court shall order the venue to be changed to the proper court of the county having jurisdiction of the parties and the cause, and that the clerk shall make up a transcript of all the orders made in said cause, certifying thereto officially under seal of court, and transmit the same, with the original papers in the case to the clerk of the court to which the venue has been changed."

Believing that the trial court erred in overruling appellants' plea of privilege, the case is now for this reason reversed and remanded with instructions to the trial court to sustain defendants' plea of privilege, and to change the venue of said case to the District Court of Bosque County, and to make all other necessary orders therein as prescribed by said amendment.

*Reversed with instructions.*