## NANCY A. BEHRENS V. W. E. BRICE ET AL.

### Decided November 4, 1908.

**1.—Nonresident—Service Outside State—Personal Judgment.**

No personal judgment can be rendered against one who neither resides in nor owns property within the State, upon personal service obtained upon him in another State.

**2.—Venue—Plea of Privilege.**

A corporation can not be sued in a county where it maintains no office or agent, where the cause of action did not originate, and on an action showing no joint liability with the other defendants (as where distinct acts of negligence of various parties combine to inflict injury) if it claims its privilege by proper plea.

**3.—Evidence—Res Inter Alios.**

Transactions between others than those sought to be affected by them are not admissible (statements by the agent of employer to servant that the work was not dangerous, the case having been dismissed as to the employer and the other defendants not being present at the conversation).

**4.—Negligence—Escape of Noxious Gas.**

Evidence considered and held sufficient to require a submission to the jury and forbid a peremptory instruction in favor of defendant, in a case where the escape of noxious gases from defendant's oil tank, collecting near the surface of the ground, caused the death of one working in the vicinity and not in defendant's employ.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*W. A. Fred. Cook,* for appellant.—The court erred in refusing to permit the plaintiff, now appellant, to take judgment by default against W. E. Brice. Rev. Stats., art. 1194, subdivisions 2, 4, 9; Rice v. Peteet, 66 Texas, 560; Wilson v. Zingler, 44 Texas, 657; Wilson v. National Bank of Cleburne, 63 S. W., 1067.

The court erred in sustaining the plea of privilege of the Heywood Oil Company. Rev. Stats., art. 1194, subdivisions 4 and 23; Markham v. Navigation Co., 73 Texas, 250; City of San Antonio v. Smith, 94 Texas, 271; Morrill v. Hopkins, 35 Texas, 687; Edwards v. Buchanan, 14 Texas Civ. App., 268; Taylor Water Company v. Dillard, 29 S. W., 662; Dillingham v. Crank, 83 Texas, 509; Oshea v. Twohig, 9 Texas, 342-6; Navigation Co. v. Dwyer, 29 Texas, 376; Hardy v. Broadus, 35 Texas, 686; Snyder v. Witt, 99 Tenn., 618. On question of agency: Bradstreet v. Gill, 72 Texas, 118.

The court erred in excluding the testimony of witness Gallaher. International & G. N. Ry. Co. v. Hinzie, 82 Texas, 623; City of Austin v. Forbis, 12 Texas Ct. Rep., 146, 13 Id., 818, 17 Id., 235-6.

There was room for difference of opinion or belief as to whether the defendants were guilty of negligence causing the death of the plaintiff's son, and the court should have submitted the issue of negligence to the jury. Negligence a question for the jury: Texas & P. Ry. Co. v. Murphy, 46 Texas, 366; Galveston, H. & S. A. Ry. Co. v. Smith, 59 Texas, 407; San Antonio & A. P. Ry. Co. v. Mertink, 18 Texas Ct. Rep., 201.

Duty of those engaged in handling dangerous elements: Defiance Water Co. v. Olinger, 54 Ohio, 532; Woolen Manufacturing Co. v. Glycerine Co., 14 Ohio C. C. R., 522; Bonham v. Gas Light Co., 122 N. Y., 18; Brady v. Detroit Steel Co., 102 Mich., 277, 26 L. R. A., 175; Bryan's Law of Petroleum and Natural Gas, 373-385.

If any one of the defendants contributed to the death of the plaintiff's son, the one so contributing or helping cause the death is liable for all damages. Though all of the defendants act separately, their permitting their gas to escape concurrently, and thereby cause the death, makes them joint tort feasors, and each tort feasor is liable for the whole damage. City of San Antonio v. Mackey, 14 Texas Civ. App., 210; City of San Antonio v. Smith, 94 Texas, 271; Morrell v. Hoskins, 35 Texas. 687; Markham v. Houston Navigation Co., 73 Texas, 250; Navigation Co. v. Dwyer, 29 Texas, 376; Snyder v. DeWitt, 99 Tenn., 618.

If W. B. Sharp, acting as general manager of the Moonshine Co., permitted poisonous gas to escape from the tanks of the Moonshine Co. in a negligent manner, and thereby committed a tort, he would be liable personally for the tort so committed. Diamond v. Smith, 27 Texas Civ. App., 558; Baker v. Wasson, 53 Texas, 150; Martin v. Empire Loan Co., 18 Texas Ct. Rep., 205; 2 Clark & Skyles on Agency, sec. 597.

*Spotts & Matthews,* for appellees.—There was no evidence that these appellees were guilty of any negligence causing the death. Neville v. Mitchell, 28 Texas Civ. App., 89; Southern Salt Co. v. Robertson, 97 S. W., 107; Brennan v. Corsicana Cotton Oil Co., 44 S. W., 588; Missouri, K. & T. Ry. Co. v. Greenwood, 89 S. W., 810; Chapman v. Palmer, 77 N. Y., 51, 33 Am. Rep., 566; Slogg v. Dilworth, 38 Minn., 179, 8 Am. St. Rep., 656; 21 Am. & Eng. Ency. of Law, 719, and authorities cited; Tennessee Coal, Iron & R. Co. v. Hamilton, 14 So., 167; Lull v. Fox & Wise Improvement Co., 19 Wis., 112; Little Schuylkill Nav. R. R. & Coal Co. v. Richards, 57 Pa. St., 142, 98 Am. Dec., 209; Swain v. Tennessee Copper Co., 78 S. W., 93; Miller v. Highland Ditch Co., 25 Pac., 550; Harlay v. Merril Brick Co., 48 N. W., 1000; Warner v. Railway Co., 77 S. W., 67; Caudle v. Kirkbridge, 93 S. W., 868.

Every man is entitled to the ordinary and natural use and enjoyment of his property; the appellees were, in mining for oil on their own lands, in such use and enjoyment of their property, and conducting a lawful business. They were, therefore, not liable for the injury complained of unless such injury resulted from the negligence of appellees in conducting said business, and there being no proof of such negligence, the court did not err in instructing a verdict for appellees. Pennsylvania Coal Co. v. Sanderson, 6 Atl., 453; Gulf, C. & S. F. Ry. Co. v. Oakes, 94 Texas, 155; Snively v. Cedar Rapids, etc., Ry. Co., 74 Iowa, 169, 7 Am. St. Rep., 471; Kinney v. Koopman, 116 Ala., 310, 67 Am. St. Rep., 119; Consulich v. Standard Oil Co., 122 N. Y., 118, 19 Am. St. Rep., 475.

RICE, Associate Justice.—This suit was brought by appellant, plaintiff below, against W. E. Brice, Howard R. Hughes, W. B. Sharp and the Heywood Oil Company, for the recovery of damages sustained by her on account of the death of her son, Andrew J. Hennigan, Jr.,

whose death was alleged to be due to poisonous gases inhaled by him, negligently permitted to escape from defendants' oil wells and tanks. It was alleged that at the time of his death, to wit, August 15, 1903, each and all of the defendants were oil producers, being owners of oil wells and tanks located in the Shoestring district of the Sour Lake Oil Field. It was further alleged that, when oil was pumped from the wells, a large amount of gas permeated the same and passed through the pipes into what are termed "settling tanks," and if not prevented from escaping therefrom, that the same settles down at and near the ground, and is of such poisonous and deadly nature as to jeopardize the health and lives of persons near thereto. It was further alleged that plaintiff's son, just before his death, together with one Williams, had been employed by said Brice to aid in running an engine and boiler used in operating one of said pumping plants, or in keeping the pumps running that were used in drilling a well at said place; and that while so engaged defendants unlawfully and negligently permitted the gas to escape from their several wells and settling tanks in such great volume as to poison the air, which was inhaled by deceased, thereby causing his death. It was also alleged that the work in said oil field was very dangerous by reason of the escaping gas, and that the two boys were unaccustomed to such work and unacquainted with the danger pertaining thereto; that it was the duty of said defendants, by the use of certain methods, fully set out in plaintiff's petition, to have prevented the escape of said gas, which defendants had wholly failed to do, by reason of which negligence on their part her said son lost his life. It was further alleged that said wells and tanks were separately owned and used by said defendants, except Hughes and Sharp, who it was alleged conjointly owned and operated certain wells in said oil field.

The defendants, except Brice, answered by general denial, general and special exceptions, pleas of not guilty, contributory negligence and assumed risk; and the Heywood Oil Company, in addition to said pleas, interposed its plea of personal privilege to be sued in the county of its residence, to wit, in Jefferson County. The defendant Brice filed no answer, but made default.

The court sustained the plea of personal privilege urged by the Heywood Oil Company, refused to permit judgment by default to be taken by the plaintiff as against Brice, but dismissed him from the case, and, at the request of the defendants Hughes and Sharp, after hearing the evidence, instructed a verdict in their behalf, and judgment was rendered in accordance with said proceedings, from which judgment and rulings of the court plaintiff has appealed, and by her first assignment of error complains of the action of the court in refusing to permit her to take judgment by default against defendant Brice.

It appears from the petition that Brice was a transient person, doing business in Harris County, Texas, but the place of his residence was not stated. It is shown from the bill of exceptions taken to this ruling of the court that Brice was served without the State with citation by personal notice, as permitted under the statute, service being had upon him in the State of Iowa more than ten days before the convening of the court; said bill of exception further reciting that plaintiff's pleading alleged that the place of residence of said Brice was unknown to her, and

that said Brice did not appear and answer in said cause. We regard the law as well settled that no personal judgment can be rendered against a nonresident defendant who is served by process without the State, it not appearing that he *owns property within the State, upon his failure to appear and answer;* and, therefore, we conclude that there was no error in the action of the court below in refusing to render judgment by default against Brice. (Pennoyer v. Neff, 95 U. S., 714; Donovan v. Hinzie, 60 S. W., 994.)

By her second assignment appellant complains of the action of the court in sustaining the plea of privilege presented by the Heywood Oil Company. By reference to said company's plea of privilege it appears that it was a resident of Jefferson County; that the cause of action asserted against it, and no part thereof, arose in Harris County, and that it had no agent or representative in said county; that its principal office was never at any time in Harris County, but was at all times located in Jefferson County. It negatived all of the other exceptions in the statute permitting it to be sued out of the county of its residence, among other things alleging that it was not jointly liable with any of its co-defendants on account of the alleged cause of action set up in plaintiff's pleading, and that plaintiff's pleading does not allege or show any joint liability on its part. From the bill of exceptions taken to this ruling of the court it appears that the oil company had no agent or representative in Harris County; and further, that there was no joint liability on the part of this defendant with the other defendants sued herein. No defendant can be sued out of the county of its residence, except in certain special instances enumerated in article 1194 of the Revised Statutes. It appearing that the oil company had its place of residence or domicile in Jefferson County, in order for it to be sued in Harris County on a cause of action which arose in Hardin County, it must be shown that it came within some of said exceptions, all of which were negatived by its plea of privilege, duly filed by it *in limine.* It appearing from the recitations of said bill of exceptions that defendant had no representative or agency in Harris County, and was not a joint tort feasor with the other defendants, but was separately operating its wells, tanks and pumps, it seems to us that the ruling of the court sustaining its plea was correct. We therefore overrule this assignment. (Behrens Drug Co. v. Hamilton & McCarty, 92 Texas, 284; Zapp v. Davidson, 54 S. W., 366.)

We overrule the fourth and fifth assignments of error, complaining of the action of the court in excluding the statement of the witness Gallaher as to what was said by Wagner, the agent of Brice, to the deceased at the time he was employed by him, to the effect that the work was not dangerous, because it appears from the bill of exception taken to said ruling that, at the time said statement was made by Wagner, none of the other defendants were present, and because it further appeared that when this testimony was offered Brice was no longer a party to the suit, he having been dismissed therefrom on account of not having been properly served.

The only remaining assignment which we deem it necessary to consider is the eighth, wherein it is urged by appellant that the court erred in instructing the jury to return a verdict for the defendants. It appears from the evidence in this case that the wells and tanks of the de-

fendants were located within a few hundred feet of each other; that the tanks of Hughes and Sharp were located within about 100 or 150 feet from where Hennigan and Williams had been working when found dead. It is further shown that in the operation of the business in which defendants were engaged the gas was conveyed along with the oil from the wells by pipes into settling tanks, and that this gas, if allowed to escape, was very dangerous, and likely to destroy the lives of people nearby; that it was most dangerous in foggy or damp weather, at which time the gas would descend to the ground; that the night in question was both foggy and cloudy. It appeared that the deceased was employed at the time, and at work for the defendant Brice, in the immediate vicinity of the several wells and tanks owned and operated by the other defendants, and that the deceased, Hennigan, while possessing sufficient knowledge to run an engine or pump, knew nothing of the hazard or danger from the escape of gas in the oil fields. It was shown that gas thus conveyed from the wells to the settling tanks, if not properly safeguarded, would, and very often did, escape therefrom; that many persons before this had been "knocked out" by the escape of gas in said oil field. At the time of the injury it appeared from the evidence that there were several ways by which gas could be prevented from escaping from said tanks, or by which its dangerous agency and injurious effect could be lessened. Among others, it was shown that it could be conducted by means of a flume extending to such a distance up in the air that, when discharged, it would float away in the atmosphere and would not become dangerous; or that, by the use of a steam jet inserted into the fumes, it could be more or less destroyed or neutralized by steam. As to whether or not these tanks were sufficiently covered, and the best known agencies resorted to by the defendants to prevent the escape of gas from their respective tanks on the night in question, there is conflict of testimony; and while it is not affirmatively shown that the death of the deceased was due to gas escaping from any particular well, yet we are constrained to believe that there are circumstances in the record from which a jury might determine from whence the same came.

Under the facts of this case we are inclined to believe that the principle invoked by the appellant obtains, to wit: That where there is any evidence upon which the jury, if the issue were submitted to them, might find a verdict in behalf of plaintiff, or from which they might draw different conclusions as to the issue of negligence, then it becomes the imperative duty of the court to submit such issue to the jury. In the present case we are of the opinion that this issue, to wit, as to whether or not the defendants Hughes and Sharp so negligently permitted the escape of gas from their oil tanks as to cause the death of Hennigan, should have been submitted to the jury; and we say this without intending to intimate any opinion as to the sufficiency of the evidence to support or defeat this issue. (Bonn v. Galveston, H. & S. A. Ry. Co., 82 S. W., 808; Lamberida v. Barnum, 90 S. W., 698.) In Bonn v. Galveston, H. & S. A., supra, it is said by the court: "It is well settled that the question of negligence dependent on evidence should not be taken from the jury, except in cases where there is no material conflict, and where there is no room for different minds to draw different infer-

ences from it. The question is one of law for the court only where the facts are such that all reasonable men must draw the same conclusion from them, and unless the conclusion follows as a matter of law that no recovery can be had upon any view that can be properly taken of the facts which the evidence tends to establish." (Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 82; Lee v. International & G. N. Ry. Co., 89 Texas, 583; Gulf, C. & S. F. Ry. Co. v. Gasscamp, 69 Texas, 545, and other authorities there cited.)

Believing that the court erred in directing a verdict in behalf of said defendants, this assignment is sustained; and, on account of this error in the ruling of the court, its judgment, so far as it affects defendants Hughes and Sharp, is reversed and the cause remanded; but as to the rulings dismissing the defendant Brice, and sustaining the plea of privilege filed by the Heywood Oil Company, the same is affirmed.

*Affirmed in part and reversed and remanded in part.*