## W. G. ROSS & SON v. HAWTHORNE.
### (No. 918.)

(Court of Civil Appeals of Texas. Beaumont. July 15, 1923. Rehearing Denied Oct. 10, 1923.)

Venue ⊚⇒15—A defendant charged with conversion of mortgaged property in action for foreclosure held entitled to change of venue to county of his residence.

In an action to foreclose a chattel mortgage against mortgagor and a defendant charged with converting the mortgaged property, the plea of privilege by the person so charged with conversion should be sustained, and the cause, in so far as it affects him, should be transferred to the county of his residence, unless it is made to appear that the tort was committed in the county in which the action was brought, under Rev. St. 1911, art. 1830, since such person was not a necessary party to the foreclosure action.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Action by W. G. Ross & Son against J. H. Hawthorne and another. From a judgment sustaining plea of privilege filed by named defendant, the plaintiffs appeal. Affirmed.

S. M. Adams, of Nacogdoches, for appellants.

E. J. McLeroy, of Timpson, for appellee.

WALKER, J. A defendant charged by the plaintiff with converting mortgaged property upon which he is asserting a chattel mortgage lien is not a necessary party to his action of foreclosure against the mortgagor. Boydston v. Morris, 71 Tex. 697, 10 S. W. 331. The plea of privilege of one so charged should be sustained and the cause, in so far as it affects him, transferred to the county of his residence, when he is joined as a party defendant with the mortgagor in a suit for debt and foreclosure, unless it is made to appear that the tort was committed in the county where plaintiff has laid his venue. Article 1830, Revised Civil Statutes; Russell v. Green (Tex. Civ. App.) 214 S. W. 448; Behrens v. Brice, 52 Tex. Civ. App. 221, 113 S. W. 782; State v. Waller (Tex. Civ. App.) 211 S. W. 322; Sublett v. Hurst (Tex. Civ. App.) 164 S. W. 448; First National Bank v. Gates (Tex. Civ. App.) 213 S. W. 720; Lumpkin v. Story, 49 Tex. Civ. App. 332, 108 S. W. 485; Floyd v. Gibbs (Tex. Civ. App.) 34 S. W. 154; Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S. W. 5; Zapp v. Davidson, 21 Tex. Civ. App. 566, 54 S. W. 366; Tuell v. Roberts (Tex. Civ. App.) 233 S. W. 103.

In this case the trial court filed his conclusions of fact, which give the nature of this suit, as follows:

"That this suit was instituted by plaintiff to recover a debt certain, secured by a promissory note amounting to the principal sum of $486.70, against the defendant, B. Stack, for the foreclosure of a mortgage lien on certain personal property; that said note is payable at Mt. Enterprise, Rusk County, Tex.; * * * that the defendant, J. H. Hawthorne, a citizen of Shelby county, is not the maker of said note or mortgage in this suit, but has been made a party to this suit, charged with the conversion of a portion of the property mentioned in the mortgage, executed by the defendant, B. Stack, to plaintiffs, W. G. Ross & Sons; that the defendant, B. Stack, is and was a resident of Nacogdoches county, Tex., at the time of the institution of said suit; * * * that the plaintiff resides in Rusk County, Tex."

The tort, if any, was committed in Shelby county, Tex. Appellee, Hawthorne, duly filed his plea of privilege, which appellants controverted. The conclusions of fact fully support the judgment of the trial court sustaining the plea of privilege.

Affirmed.