**FIRST STATE BANK OF CROWELL et al. v. HILL et al. (No. 2949.)**

Court of Civil Appeals of Texas. Amarillo. Jan. 25, 1928.

Rehearing Denied Feb. 29, 1928.

Venue ⬅5(2)—Overruling plea of privilege of nonresident defendants held proper, where judgment sought was for foreclosure of chattel mortgage lien only (Rev. St. 1925, art. 1995).

Where, in action against resident defendants to recover on note given as part of price of personal property, nonresident defendants were joined, and against all defendants foreclosure of chattel mortgage lien was sought, overruling plea of privilege of nonresident defendants, under Rev. St. 1925, art. 1995, to be sued in county of their residence, was proper, where no other judgment was sought against them but a foreclosure.

Appeal from District Court, Wilbarger County; Robert Cole, Judge.

Suit by C. E. Strickland against A. C. Hill and others. From judgment overruling exceptions, demurrers, and motions to quash writ of injunction filed, subject to their pleas of privilege, defendants the First State Bank of Crowell and L. M. Campbell, Sheriff, appeal. Affirmed.

D. J. Brookreson, of Benjamin, for appellants.

Berry, Stokes, Warlick & Gossett, of Vernon, for appellees.

RANDOLPH, J. This suit was filed in the district court of Wilbarger county by C. E. Strickland, one of the appellees, as plaintiff, against the appellees, A. C. Hill, O. M. Craig, L. M. Campbell, sheriff of Foard county, in his official capacity, and the First State Bank of Crowell, as defendants.

The plaintiff alleges in his petition that the defendants Hill and Craig resided in Wilbarger county; that the defendants L. D. Campbell, sheriff, and the First State Bank, resided in Foard county, Tex. The suit, as against the defendants Hill and Craig, was a suit to recover on a promissory note which was alleged to have been given as a part of the purchase price of certain personal property described, located at Crowell, in Foard county, Tex., and also seeking the foreclosure of a chattel mortgage lien as against all the defendants on such personal property, which was given to secure the payment of said note; alleging, further, registration of said chattel mortgage in the records of Foard county, and that such registration constituted notice to all persons of such lien on said property, that the First State Bank also had actual knowledge of the existence of said lien, as well as constructive knowledge thereof, and further charged that, with such knowledge on or about the 26th day of July, 1926, it took from one Cecil Myatt, who had purchased same from Hill and Craig, a mortgage covering said personal property, in an effort to secure the payment of an alleged indebtedness owing said bank by Myatt, but that such chattel mortgage was inferior to the plaintiff's lien and mortgage upon said property; further alleging that, at some time prior to May 3, 1927, the said bank filed suit in the district court of Foard county against the said Myatt, in which the chattel mortgage given to the bank was foreclosed on said personal property, order of sale was issued and placed in the hands of Campbell, sheriff as aforesaid, who seized said property, and is advertising the same for sale on the 4th day of June, 1927, that all such proceedings are in total disregard of the rights of the plaintiff and his lien and right to foreclose same, and that L. D. Campbell, under the direction and instigation of the defendant bank, "has now converted said property to their own use, are seeking to dispose of same and placed said property in the hands of other parties under a purported judicial sale, and defeat plaintiff's first lien and prevent his proper enforcement thereof, as he had a legal and equitable right to do"; alleges the value of the property to be of the reasonable value of $1,200; and also alleges other grounds for relief, prays for judgment for the principal, interest, and attorney's fees due on the note, against Hill and Craig, and for foreclosure of his chattel mortgage lien as to all the defendants.

---

The trial court issued a temporary writ of injunction restraining the defendant bank and the sheriff from selling the property. The defendant bank and sheriff each filed a plea of privilege to be sued in Foard county. The plaintiff filed his controverting affidavit, contesting each of the pleas of privilege. The pleas and controverting affidavits were heard by the trial court, who overruled the same. Defendants then presented to the court their exceptions, demurrers, and motions to quash the writ of injunction, which they had filed, subject to the pleas of privilege, which the court overruled, and defendant bank and Campbell have appealed to ·this court.

The defendant bank assigns as error the action of the trial court in· overruling its plea of privilege, for the reason that it was alleged and admitted that it was a resident of Foard county, and the cause of action against it was one arising in tort, in·that it was charged with conversion of personal property located in Foard ·county, and the two resident defendants were sued on a written contract, in the form of a· promissory note and chattel mortgage, thereby showing both a misjoinder of actions and separable controversies. This was also urged by the bank against the court's action in overruling defendant Campbell's plea of privilege.

Defendant bank contends that, in order to sustain venue under the exception relied on herein, it is necessary to show a joint liability, and that, as the defendant bank is not liable on the note sued on, and the makers of the note are not liable for the alleged conversion, the suit, as sought to be maintained, is a misjoinder of actions and separable, and hence the court erred in overruling the pleas of privilege. To sustain this contention, it cites the case of Ross v. Hawthorne, 254 S. W. 580, by the Beaumont ·Court of Civil Appeals.

Article 1995, Revised Civil Statutes of Texas 1925, provides that no person shall be sued out of the county in which he resides, except in certain cases therein provided—one of which exceptions is that, where there are two or more defendants residing in different counties, suit may be brought in any county where one of such defendants resides.

In the Ross Case, supra, the Beaumont court lays down the following rule in cases such as this:

"A defendant charged by the plaintiff with converting mortgaged property upon which he is asserting a chattel mortgage lien is not a necessary party to his action of foreclosure against the mortgagor. Boydston v. Morris, 71 Tex. 697, 10 S. W. 331. The plea of privilege of one so charged should be sustained and the cause, in so far as it affects him, transferred to the county of his residence, when he is joined as a party defendant with the mortgagor in a suit for debt and foreclosure, unless it is made to appear that the tort was committed in the ·county where plaintiff has laid his venue. Article 1830, Revised Civil Statutes; Russell v. Green (Tex. Civ. ·App.) 214 S. W. 448; ·Behrens v. Brice, 52 Tex. Civ. App. 221, 113 S. W. 782; State v. Waller (Tex. Civ. App.) 211 S. W. 322; Sublett v. Hurst (Tex. Civ. App.) 164 S. W. 448; First National Bank v. Gates (Tex. Civ. App.) 213 S. W. 720; Lumpkin v. Story, 49 Tex. Civ. App. 332, 108 S. W. 485; Floyd v. Gibbs (Tex. Civ. App.) 34 S. W. 154; Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S. W. 5; Zapp v. Davidson, 21 Tex. Civ. App. 566, 54 S. W. 366; Tuell v. Roberts (Tex. Civ. App.) 233 S. W. 103."

The plaintiff herein insists that, while the Ross Case is in point, the cases cited by the Beaumont court, as sustaining their holding are not in point. We have neither the time nor space to discuss in this opinion the various cases cited and to differentiate them from the Ross Case, but content ourselves with stating that the weight of decisions in this state is against the rule as laid down by that court.

In this case, a money judgment is sought against the resident defendants and a judgment of foreclosure against all of the defendants. While a threatened conversioń is recited in the petition, and an injunction prayed for and issued, restraining the defendants· in Foard county from a sale under a foreclosure, no other judgment is sought against the nonresident defendants, but one of foreclosure of lien.

In the case of Cobb v. Barber, 92 Tex. 309, 47 S. W. 963, our Supreme Court, answering the following questions certified to it by the Court of Civil Appeals for the Fifth District:

"Question 1. There being no allegation of joint liability of Campbell and Cooper with Barber upon the note sued upon, and no allegation that Barber acted .with Campbell and Cooper in the conversion of the cattle, and no prayer for a foreclosure of a lien upon the cattle, was there a misjoinder of causes of action or parties?

"Question 2. It not being alleged that Campbell and Cooper were liable for the debt alleged against Barber, nor that Barber acted with them in the conversion, and foreclosure not being sought in the suit, did the fact that Barber resided in Dallas county give jurisdiction to this court in Dallas county over Campbell and Cooper, who resided in Randall County, and pleaded their privilege to be sued .in the county of their residence?"

—says:

"1. If the cattle which were mortgaged were still in existence, ańd were in possession of Campbell and Cooper, and if they were asserting some claim to them, and if this were a suit to foreclose the mortgage, it is clear that they would be proper parties to the action. On the other hand, if the mortgagor had sold the mortgaged property to the defendants named above, and they had converted it, the suit for the conversion, being a tort, could not, at common law, be joined with the action to recover of the mortgagor the debt secured by the mortgage.

Whether, in such a case, the joinder of the two causes of action would be permitted under the practice which prevails in our courts, may be doubted. But that is not precisely the question certified, and it need not be determined. Here the allegation is that the defendants have converted the property to their own use. It is not alleged that the mortgagor had in any manner parted with his title or equity of redemption in the cattle. Under the facts as pleaded, he has an interest in the damages resulting from the conversion to the full extent of the value of the cattle; for, although he had not paid the debt, it is to his interest that the damages should go to its extinguishment. If the damages should exceed that debt (a fact which he might assert as defendant in the action), he would be entitled to recover the excess. Had he brought a suit to recover damages for the conversion of the property, the plaintiff in this case would have been a proper, and probably a necessary, party; for the latter would have been entitled to so much of the recovery as was necessary to discharge the debt owed him by the mortgagor. If the plaintiff had sued Campbell and Cooper without joining Barber, under our practice the defendants in that suit would have been entitled, under proper averments, to have the latter made a party, to the end that they might be protected from the hazard of a double recovery. If such be the law, clearly the plaintiff was not required to pursue that course, and to subject himself to the delay that might have resulted from bringing in a new party. Our system does not favor the bringing of a multiplicity of suits, and therefore permits all causes of action growing out of the same transaction to be joined, and all interests in the same property or fund to be litigated, and the equities of the parties adjusted, in the same suit. We answer the first question in the negative.

"2. It follows, as a corollary from what has been said, that all the defendants in this suit are proper parties to it. It is not the duty of a plaintiff to sue those who are proper, but not necessary, parties to it; but it is his right

2 S.W.(2d)—65

to do so. If rightfully defendants, the suit in a case of this character may be brought in any county in which either of the defendants resides. We answer the second question in the affirmative."

See, also, Waxahachie National Bank v. Rothschild Co. (Tex. Civ. App.) 235 S. W. 633; Scott v. Cassidy Southwestern Commission Co. (Tex. Civ. App.) 240 S. W. 1041; Childress v. Brooks (Tex. Civ. App.) 265 S. W. 224; People's State Bank v. National Bank of Commerce (Tex. Civ. App.) 267 S. W. 993; Bering Mfg. Co. v. Carter (Tex. Com. App.) 272 S. W. 1105.

Justice Smith, in the Scott Case, supra, voices the doubt which has been in this writer's mind when he says:

"In our consideration of this phase of the case, it has been difficult for the writer to avoid a conviction that the suit on the note in question is so foreign to the nature of a suit based on a conversion of property, which happened at the time of conversion to be covered by a lien to secure payment of the note, that the two actions ought not be joined in one suit. But whatever doubt we may entertain in the matter must yield to the decision of the question by the Supreme Court, wherein it seems to be definitely held that the two actions, arising as they do out of the same transaction, may be joined in one suit"—citing the Cobb Case, supra.

In addition to the controlling effect to be given to a decision of our Supreme Court, and the fact that Judge Gaines, who wrote the opinion in the Cobb Case, was a great and learned judge, we are further constrained to hold as we are here holding by reason of the fact that the Cobb Case has been consistently followed by the majority of the appellate courts in this state.

We therefore affirm the trial court's judgment.