BOWERS et al. v. BRYANT–LINK CO. et al.
(No. 3036.)

Court of Civil Appeals of Texas. Amarillo.
May 16, 1928.

Rehearing Denied May 30, 1928.

1. Pleading ⟨⟩111—Where suit involves conversion, to sustain venue, it is not necessary that evidence be clear and convincing that conversion did occur; it being sufficient if evidence raises issue (Rev. St. 1925, art. 1995, subd. 9).

Where foundation of suit involves conversion, in order to sustain venue under Rev. St. 1925, art. 1995, subd. 9, it is not necessary for evidence to be clear and convincing that conversion did occur, but it is only necessary that evidence tends to raise issue.

2. Venue ⟨⟩8—Conversion of property is "trespass" within meaning of venue statute (Rev. St. 1925, art. 1995, subd. 9).

Conversion of property is a "trespass" within meaning of Rev. St. 1925, art. 1995, subd. 9, relating to venue.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespass.]

3. Action ⟨⟩48(1)—Causes of action seeking recovery on notes and for foreclosure of mortgage liens may be joined with suit for conversion of mortgaged property.

Causes of action seeking recovery on notes and for foreclosure of mortgage liens could properly be joined with suit for conversion of mortgaged property against transferee of vendor's lien notes, and tenant.

4. Crops ⟨⟩5—Where growing crops are severed, they do not go with sale of land.

Crops may be segregated or severed, and become assignable as personalty, and, in event of such severance, they do not go with a sale of land.

5. Vendor and purchaser ⟨⟩261(2, 6)—Transferee of vendor's lien notes was owner of notes and purchase-money lien and not of title to land.

Where vendor transferred vendor's lien notes to defendant, defendant was only owner of notes and purchase-money lien and not owner of title.

Appeal from District Court, Dickens County; Isaac O. Newton, Judge.

Action by the Bryant-Link Company and another against C. T. Bowers, E. M. Collins, and another. From a judgment for plaintiffs, defendants named appeal. Affirmed.

Scarborough & Wilson, of Abilene, for appellants.

W. D. Wilson, of Spur, for appellees.

RANDOLPH, J. This suit was instituted in the district court of Dickens county by Bryant-Link Company and the Spur National Bank, as plaintiffs, against W. C. Mitchell, E. M. Collins, and C. T. Bowers. From a judgment in favor of plaintiffs, the defendants Collins and Bowers have appealed.

The suit was instituted by the plaintiffs to recover on notes executed by Mitchell to the plaintiffs, payable in Dickens county, and for the foreclosure of chattel mortgage liens on crops and crop rents, which mortgages were given by Mitchell to the plaintiffs to secure the payment of the said notes. Collins and Bowers were made defendants in the suit because, it was alleged, they had wrongfully converted to their own use the crops and rents upon which plaintiffs had their mortgage liens, and that the conversion took place in Dickens county. The note and mortgage to Bryant-Link Company were executed May 17, 1926, and the mortgage was filed for record the same date. The note and mortgage to the Spur National Bank were executed June 30, 1926, and the mortgage was filed for record July 2, 1926, in the county of Mitchell's residence; it being alleged that at the time of the execution of the notes and mortgages Mitchell was the owner of a farm in Crosby county, Tex., which he had theretofore rented to the defendant Collins for the year 1926, under a rental contract reserving to himself one-third the feed and one-fourth the cotton crops, as rent, and which Mitchell had, by the mortgages aforesaid, assigned and conveyed to the plaintiffs, as security for the payment of said notes, whereby said crops and rents were severed from the realty and all interest of Mitchell therein vested in plaintiffs to secure the payment of said notes. It was further alleged that defendants Collins and Bowers, each with the full knowledge of said mortgages and of plaintiffs' right thereunder, conspired to defraud plaintiffs of said crops and rents and to convert same to their own use and benefit, and, in pursuance thereof, did gather said cotton crop, amounting to about 80 bales, transported all or part thereof to Spur, Dickens county, Tex., and did then and there sell and convert same to their own use and benefit, to the plaintiffs' damage $1,000, said money and rents being paid by Collins to Bowers; that all the claim said Bowers had or could have to said crops and rents was by reason of his having purchased the land at foreclosure sale on or about August 3, 1926, long after the execution and record of said mortgages and the severance and assignment

of said crops and rents to plaintiffs; that plaintiffs were not parties to said foreclosure proceedings, and that the title and interest of said Mitchell in and to said·crops and rents did not pass to nor vest in said Bowers, by his purchase at such foreclosure sale, but remained vested in plaintiffs, and that plaintiffs' rights to said crops and rents were superior to any right of Bowers so acquired.

The defendant Mitchell, though duly served, defaulted.

The defendant Bowers filed a plea of privilege to be sued in the county of his residence, and plaintiffs filed their controverting affidavit thereto, setting up the conversion of the crop and rents in Dickens county as such trespass on the property and rights of the plaintiffs, which conferred jurisdiction on the district court of Dickens county.

Subject to their plea of privilege, defendants Collins and Bowers answered by plea of misjoinder of parties defendant, general demurrer, general denial, and special plea, setting up the sale of the lands upon which the crops were grown by one J. D. Powell to defendant Mitchell, reserving a vendor's lien upon said land to secure the payment of certain purchase-money notes, and alleging the transfer of said notes to Bowers, the bringing of a suit by Bowers in Dickens county, Tex., in March, 1926, to recover upon the notes and to foreclose his vendor's lien upon the land, the rendition by the court of·a judgment of foreclosure, the issuance of an order of sale thereunder and a sale of the land on August 3, 1926, and the purchase of same on that date by Bowers, whereby Bowers asserts his right to the crop grown on said land.

The trial court, on hearing the plea of privilege and controverting affidavit, overruled the plea and thereafter rendered judgment of foreclosure against Mitchell for one-half the rent, and against Collins and Bowers for the one-half of the rents which had been converted by them.

The first error assigned by appellees is the overruling of the plea of privilege by Bowers to be sued in Taylor county, the county of his residence, for the reason that none of the defendants resided in Dickens county, and for the further reason that the defendants Bowers and Collins are not necessary or proper parties to this suit, so that they could not properly be held to answer in the district court of Dickens county in connection with the defendant W. C. Mitchell, who is sued upon matters of contract, while the defendants Bowers and Collins are sued for tort.

The second assignment urges error in the overruling of the defendants' plea in abatement, for the reason that the defendants are not proper parties to this suit; the plaintiffs' cause of action against the defendant W. C. Mitchell being on promisory notes and chattel mortgages and the alleged cause of action against defendants Collins and Bowers being for the conversion of rent cotton that the defendant Mitchell undertook to mortgage to the plaintiffs, and because a suit for tort cannot properly be joined with a suit on contract.

The fourth assignment alleges error on the part of the trial court in that the pleadings of plaintiffs and the uncontroverted evidence in the case show that the debts sued on were exclusively the debts of the defendant Mitchell and were evidenced by notes and secured by chattel mortgages which Mitchell had executed on personal property and which he had undertaken to extend to the rent cotton on the land against which the defendant Bowers held vendor's lien notes; that Bowers had already instituted foreclosure proceedings against the defendant Mitchell to foreclose his vendor's lien.

The defendant Mitchell, as shown by the evidence, had purchased a tract of land, and the deed given him by the seller reserved a vendor's lien to secure the payment of certain notes given for the purchase money by Mitchell. Three of these notes had been transferred to the defendant Bowers. Bowers brought suit on the three notes to foreclose his vendor's lien against Mitchell after the filing of the suit by Bowers, but before the judgment of foreclosure and the sale of the land to Bowers, Mitchell gave the plaintiffs the mortgages on his interest in the crops and rents, and these mortgages were on record at the time Bowers purchased the land at foreclosure sale.

Whether or not the trial court's ruling upon defendant Bowers' plea of privilege and on the plea in abatement was correct depends upon whether or not the defendant Mitchell's interest in the crop of his tenant, Collins, was capable of being transferred or assigned at the time he gave the mortgages to the plaintiffs and whether or not a suit to recover upon the notes and to foreclose the mortgage liens given them by Mitchell could be joined with a suit for the conversion of the mortgaged property as against the defendants Collins and Bowers.

[1] Article 1995, subd. 9, Revised Civil Statutes 1925, provides:

"A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

"Where the foundation of the suit involves conversion, in order to sustain venue it is not necessary for the evidence to be clear and convincing that the conversion did occur. It is only necessary that the evidence tends to raise said issue." Palmer v. Pinkston et al. (Tex. Civ. App.) 282 S. W. 668, 669, and authorities therein cited.

[2] The Palmer Case also holds that conversion of property is a trespass within the meaning of the statute above quoted.

In the case of West v. United States Fidelity & Guaranty Co., 298 S. W. 652, this court has held that the interest of the landlord in

crops or proceeds therefrom could be collected.

[3] This court has also recently held that causes of action seeking recovery on notes, and for foreclosure of mortgage liens may be joined with a suit for conversion of the mortgaged property. First State Bank v. Hill, 2 S.W.(2d) 1023. We refer to that case and the authorities therein cited in support of a like ruling herein.

[4] In the absence of a severance of growing crops from the land, when the land is sold, such crops go with the land, but the crops may be segregated or severed and become assignable as personalty, and, in the event of such severance, they do not go with a sale of the land. Bowyer v. Beardon, 116 Tex. 337, 291 S. W. 219; Willis v. Moore, 59 Tex. 628, 637, 46 Am. Rep. 284.

[5] It is not necessary for us to discuss the question of Bowers being the owner of the vendor's lien note, and as such owner holding the superior title. It is the opinion of the writer that, while the fiction that the superior title remains with the vendor is recognized by our court, this is only for the purpose of securing the purchase-money lien, so that, if the debt is not paid, the lien cannot be defeated by any claim of title by the purchaser, and to give the vendor the right to reclaim the land on default in such payment. But the question of superior title to the land is not before us. The record nowhere discloses that Bowers is the owner of the superior title. The notes only were transferred to him so that he was only the owner of the notes and purchase-money lien. ` Gulf, etc., Ry. Co. v. Blount (Tex. Civ. App.) 136 S. W. 566; Godley Lumber Co. v. Slaughter (Tex. Civ. App.) 171 S. W. 779.

Having considered all assignments of error and propositions thereunder, and finding no error, we affirm the judgment of the trial court.