Statement of the case.

No. 5992.

W. S. VECK v. W. F. HOLT, ADMINISTRATOR.

1. PLEADING—GENERAL DEMURRER.—A petition is held good, setting up. as cause of action that the defendant had obtained possession of certain sheep upon which plaintiff held a lien un ier a deed of trust in which the defendant was trustee, and had wrongfully disposed of them, so that they were taken from the State, and that the makers of the notes secured by the trust deed upon the sheep were insolvent. The absence of an express allegation of ownership by the plaintiff is supplied by allegations involving that fact.

2. A CERTIFIED COPY AS EVIDENCE—AFFIDAVIT.—An affidavit by the attorney that he can not procure the original, not also stating that his client can not, is insufficient as a basis for the admission of a certified copy of a recorded instrument under the statute. (64 Texas, 179.)

3. SAME.—On showing that the grantee in the deed resides in Mexico, beyond the reach of process, the copy is competent.

4. ALLEGATIONS.—Under allegation as in No. 1 above the notes for which the deed of trust was given were admissable, the allegations being sufficient.

5. VERDICT.—The charge directed the jury "to estimate the damages at the value of the sheep converted, and eight per cent interest from the time they were driven into Mexico." This date was fixed by testimony as identical with the sale. The verdict was: "We, the jury, find for plaintiff one dollar and fifty cents ($1 50) per head on nine hundred and fifty seven —— of sheep, with eight per cent interest from time of sale, but no damages." *Held*, that, taken in connection with the charge, the verdict was sufficient.

ERROR from Tom Green. Tried below before the Hon. Wm. Kennedy.

This was an action by Holt, as administrator of the estate of W. I. Brown, deceased, against Veck for the recovery of damages for the conversion of certain sheep claimed to have been fraudulently taken possession of by him and converted to his own use under the following circumstances: The sheep being subject to the lien of a deed of trust in appellee's intestate's favor, and in which appellant Veck was trustee; Veck got possession of them under promise to satisfy the lien, and sold them and appropriated the money to his own use. Veck denied generally, and especially denied any trust relation or fraud.

The case was tried by a jury April 7, 1885, resulting in a verdict for plaintiff for one dollar and fifty cents per head for nine hundred and fifty-seven sheep, and interest and judgment for fifteen hundred and ninety-two dollars and twelve cents, from which writ of error was taken.

*Walton, Hill & Walton,* and *Spence & Thompson,* for plaintiff in error, argued:

1. That plaintiff's title in note and right of action must be averred. (Moody v. Benge et al., 28 Texas, 547; Malone v. Craig, 22 Texas, 610.)

2. The affidavit of loss was insufficient in that it did not show inability of the plaintiff to procure the original, or show any diligence to produce it. (Hooper v. Hall, 30 Texas, 158.)

3. There were no allegations in petition of ownership of the notes nor of their non-payment. The court should have excluded them.

4. When there is no contradictory testimony and no impeaching testimony, and the verdict and judgment are manifestly contrary to the law and evidence, judgment will be reversed. (H. & T. C. R'y v. Schmidt, 61 Texas, 285; Green v. Hill, 4 Texas, 465; Iglehart v. Downs, 19 Texas, 245; Woodson v. Collins & Douglas, 56 Texas, 175.)

*West & McGown* and *Mays & Wright,* for defendant in error:

1. The assignment is that "the court erred in overruling defendant's general demurrer." This is too general to be considered. (R. S , art. 1037; Rule Sup. Ct., 26; Pearson v. Flanagan, 52 Texas, 266; Randall v. Carlisle, 59 Texas, 70; Keowne v. Love, 65 Texas, 155.)

2. The petition is good on a general demurrer. (Wallace v. Hunt, 22 Texas, 647; Kinsey v. Bellas, 1 W. & W., sec. 96; Rutherford v. Smith, 28 Texas, 322; Warner v. Bailey, 7 Texas, 517; Gulf, West Texas & Pacific R'y Co. v. Montier, 61 Texas, 123; Sayles & Bassett's Texas Plead. and Prac., sec. 6.)

3. The affidavit was sufficient. (Rev. Stats., 2257; Vandergriff v. Piercy, 59 Texas, 372.)

4. As to the verdict. (Rule for Sup. Ct., 26; Rev. Stats., 1037; I. & G. N. R'y Co. v. Irvine, 64 Texas, 529; Randall v. Carlisle, 59 Texas, 70; Keowne v. Love, 65 Texas, 155.)

COLLARD, JUDGE.  1.  There was no error in overruling the general demurrer to the petition.  The suit was not brought on the notes, but to recover of Veck the value of the sheep converted by him as trustee in a deed of trust executed to Brown by Sterner and Tucker upon the sheep to secure the payment of the notes which were also executed to Brown by Sterner and Tucker for the balance of the purchase money to become due on the sheep.  It was alleged that Brown was dead, and that Holt, plaintiff below, was his administrator; that the sheep had been sold by Veck, with knowledge of the trust, to one Garcia, who had carried them into Mexico; that Sterner and Tucker were insolvent, and that the estate was damaged to the amount of the notes.  These allegations clearly indicated that the notes were the property of Brown's estate; that Holt, as the administrator of the estate, was the legal owner of the notes and the deed of trust.  It was not necessary to allege the fact more distinctly in this character of suit.  It is not alleged in terms that the notes were unpaid; but it was alleged that by the conversion the estate was damaged to the amount of the notes, which could not be true if the notes had been paid.  Such an allegation, coupled with the reason assigned for it, that Sterner and Tucker were insolvent, was equivalent to a distinct averment that the notes were unpaid. The petition, by appropriate averments, stated facts that would create an obligation on the part of Veck to pay the estate represented by Holt the value of the sheep converted to the extent of the amount of the notes, if the property converted was of that value.  The verdict and judgment were based on the value and number of sheep converted, nine hundred and fifty-seven sheep at one dollar and fifty cents per head.

2.  There was no error in admitting the certified copy of the bill of sale of the sheep by Schaner, attorney in fact for Veck, to Garcia.  The affidavit of plaintiff's attorney that he could not procure the original was not sufficient, because it did not show that Holt, the plaintiff, could not procure it.  (Kauffmann & Runge v. Shellworth, 64 Texas, 179.)  But it appears that Garcia was a citizen of Mexico, and as such, not subject to the process of the court.  It would be presumed that the bill of sale was in his possession—it was his private paper title; he could not be compelled to produce it, and from this fact it seems the affidavit of the plaintiff was not necessary to lay a predicate for the introduction of the copy; nor was it necessary

that the affidavit of the attorney should show the plaintiff
could not procure it. But whether this is the correct view or
not, there was abundant evidence of the sale by Schaner, as
Veck's agent, to Garcia, outside of the bill of sale, and the bill
of sale might be dispensed with, and leave the facts the same.

3. The notes were placed in Veck's Bank in San Angelo, for
collection. They recited the fact that they were given for
part of the purchase money of the sheep, one thousand six
hundred and forty-two head, and that they were secured by a
·deed of trust on the sheep. Veck objected to their introduction,
.and now insists they were inadmissible, because there was no
sufficient allegation of their ownership; for the reasons before
stated that the allegations of ownership were sufficiently stated
·in the petition for the purposes of the suit on general demurrer,
we conclude there was no error in admitting the notes in evi-
·dence.

4. Plaintiff in error complains of the sufficiency of the ver-
dict; that it is vague, uncertain, indefinite and not responsive
to the issues, and not sufficient to support a judgment. The
verdict was as follows: "We, the jury, find for plaintiff one
dollar and fifty cents ($1 50-100) per head on nine hundred and
fifty-seven —— of sheep, with eight per cent interest from
time of sale, but no damages."

The judgment of the court was for one thousand five hun-
dred and ninety-two and twelve one-hundredths dollars. It is
evident the amount of the judgment was obtained by calculat-
ing interest on the value of the sheep at eight per cent from
the date of sale by Veck's agent to Garcia, November 22, 1883,
to the time of trial, April 7, 1885. The charge of the court
directed the jury to estimate the damages at the value of the
sheep converted and eight per cent interest from the time they
were driven into Mexico. It was in proof that the sheep were
rushed through to Mexico immediately after the Veck sale.
The verdict was then responsive to the issues as submitted by
the court, and taken in connection with the charge and the
proof, was sufficiently definite. The charge of the court is not
.assailed; indeed, it could not be, as it is the law of the case
upon all the issues—and particularly upon the one before us.
We could not assign a satisfactory reason for holding the ver-
·dict indefinite or uncertain, under the instructions of the
·court and the proof.

The only other assignment of error noticed in the brief of

the plaintiff in error is that "the verdict of the jury is contrary to the law and the evidence," and that "the court erred in overruling defendant's motion for new trial filed April 11, and amendment thereto filed April 20, 1885." These assignments are too general to be considered. Because the justice and merits of the case have been reached by the trial, and finding no error in the judgment or the rulings of the court, we are of opinion the judgment of the court below ought to be affirmed.

*Affirmed.*

Opinion adopted November 13, 1888.

STAYTON,
*Chief Justice.*