## SMITH et al. v. WALL. (No. 2368.)

(Court of Civil Appeals of Texas. Texarkana. April 22, 1921. Rehearing Denied April 28, 1921.)

1. **Chattel mortgages** ⟨⟩275—**Mortgagor not necessary party in foreclosure against purchasers of property.**

Where action to foreclose chattel mortgage was brought against mortgagor and purchasers of the mortgaged property, the purchasers of the property cannot complain of the act of the court in dismissing the suit as to the mortgagor, it being discovered that he had not been served with citation, as the parties were not sued as joint obligors upon a contract, and it was immaterial that such purchasers had asked for a judgment over against the mortgagor in the event they were cast in the suit, the rendition of a personal judgment against the mortgagor not being essential to the foreclosure, and Rev. St. 1911, art. 1897, having no application.

2. **Chattel mortgages** ⟨⟩225(2)—**Pleading** ⟨⟩20—**Mortgagee cannot foreclose and in same suit recover for conversion, but should state such remedies by alternative pleading.**

A mortgagee has no right to a judgment foreclosing his lien against mortgaged property in the hands of a purchaser from the mortgagor, and in the same suit to recover a judgment for conversion of that property, the right of a mortgagee to suit for conversion being based on the assumption that his security has been destroyed or impaired, and if he pursues both remedies in the same suit it should be by an alternative pleading.

3. **Appeal and error** ⟨⟩1153—**On appeal from judgment of foreclosure, and for conversion, the latter not being within the court's jurisdiction, judgment will be reformed by limiting it to foreclosure.**

On appeal from a judgment foreclosing lien against mortgaged personalty in hands of purchaser from the mortgagor, and for conversion of the property, where the suit for conversion was for less than $200 and below the jurisdiction of the court, the suit for conversion should be dismissed, and judgment limited to the one foreclosing the mortgagee's lien on the property, and the judgment accordingly reformed and affirmed.

Appeal from Upshur County Court; D. Walker, Judge.

Suit by J. W. Wall against Jasper Smith and others. Judgment for plaintiff, and defendants appeal. Reformed and affirmed.

C. E. Florence, of Gilmer, for appellants.
J. N. Aldridge and Stephens & Sanders, all of Gilmer, for appellee.

HODGES, J. On February 26, 1918, one Jasper Smith executed and delivered to the Gilmer State Bank his note for $302.85, due October 15, 1918, with interest at the rate of 10 per cent. per annum from maturity. The

note stipulated for the payment of the usual attorney's fees. Smith also executed a chattel mortgage on two mules to secure the payment of the note. This mortgage was duly filed in the office of the county clerk, as required by law. On October 17, 1918, Smith paid $125, which was credited on the note. On January 9, 1919, the note and mortgage were assigned by the bank to the appellee Wall. Some time after this assignment, the appellants Harrell and Jones purchased the mules from Smith. Wall filed this suit against Smith to recover the unpaid balance due on the note. Harrell and Jones were made parties defendant. It was alleged in the original petition that Harrell and Jones had converted the mules by a purchase from Smith. In his prayer for relief the plaintiff asked for a personal judgment against Smith, the foreclosure of the mortgage on the property against Harrell and Jones, and for a personal judgment against the latter for conversion of the property. During the progress of the trial it was discovered that Smith had not been served with citation, and at the instance of the plaintiff he was dismissed from the suit. This was done over the objection of Harrell and Jones.

In a trial before the court, a judgment was rendered establishing the fact that Smith owed $190 on the note, or more, awarding a foreclosure of the mortgage on the mules, and also a recovery against the defendant Harrell and Jones jointly and severally for $190 for conversion. Harrell and Jones have appealed.

[1] In the first group of assigned errors, they object to the action of the court in dismissing Smith from the suit. Article 1897 of the Revised Civil Statutes, on which the appellants rely, has no application to suits of this character. The parties were not sued as joint obligors upon a contract. The appellants sustained no injury by the elimination of Smith. The absence of Smith deprived them of no defense which his presence would have made available to them. The uncontroverted evidence shows that the debt existed; that the mortgage was valid; and that the appellants had purchased the property with both actual and constructive notice that it was incumbered. The argument is made that no valid judgment could be rendered foreclosing the mortgage unless Smith, the debtor, was a party to the suit. While it was necessary to establish an indebtedness against Smith as a basis for a foreclosure of the mortgage, the rendition of a personal judgment against him was not essential to the foreclosure. That feature of the suit became one in the nature of a proceeding in rem against the mortgaged property, and only those who had an interest in that property were necessary parties defendant. When the mortgagor has parted with his equity of redemption, he is no longer a necessary party to a suit to foreclose the lien. 2 Jones on Mort. (6th Ed.) § 1402. In attachment proceedings against a nonresident, the suit must be against the debtor, and some form of notice served upon him, because it is the debtor's property that is to be taken. Here the debtor, Smith, had no interest in the property proceeded against. Those who have an interest are parties defendant, and every defense which Smith, if present, could urge, was available in his absence to the appellants. If Smith was not a necessary party to the suit originally, his elimination was not an error of which the appellants can complain. The fact that the appellants had asked for a judgment over against him in the event they were cast in the suit does not change the situation. They could not for that reason alone have required that he be made a party to the suit in the first instance. U. S. F. & G. Co. v. Fossati, 97 Tex. 503, 80 S. W. 74.

[2] We think, however, that the judgment of the court was erroneous in another respect. A mortgagee has no right to a judgment foreclosing his lien against mortgaged property in the hands of a purchaser from the mortgagor, and in the same suit recover a judgment for conversion of that property. The right of a mortgagee to sue for conversion is based upon the assumption that his security has been destroyed or impaired. If by his pleadings he undertakes to appropriate the security in an unimpaired condition, he cannot at the same time have a judgment for its loss or impairment. If he pursues both remedies in the same suit, it should be done by an alternative pleading.

[3] In view of the fact that the suit for conversion was for less than $200, and below the jurisdiction of the county court, that proceeding should be dismissed and the judgment limited to one foreclosing the mortgagee's lien on the property.

The judgment will accordingly be reformed and affirmed. Half the costs of this appeal will be taxed against the appellee, and the remainder against the appellants.