### BANK OF CARBON et al. v. COXE MERCANTILE CO. et al. (No. 1327.)

(Court of Civil Appeals of Texas. El Paso. April 20, 1922. Rehearing Denied May 18, 1922.)

**1. Venue ⬥⟶26—Purchasers in violation of Bulk Sales Law not suable in county wherein seller was suable on notes executed by him in absence of evidence that they agreed to pay same.**

That the maker of notes sued on was properly suable in the county in which suit was brought by virtue of his written obligation to pay in that county, though he resided in another, did not render nonresidents to whom he sold a stock of merchandise and fixtures in violation of the Bulk Sales Law (Rev. St art. 3971) suable therein under article 1830, subd. 5, in the absence of evidence that they assumed and agreed to pay the notes.

**2. Venue ⬥⟶8—Conversion of property sold without complying with Bulk Sales Law is "trespass" within act authorizing suit therefor in county wherein committed.**

An appropriation of a stock of merchandise and fixtures, purchased without complying with the Bulk Sales Law, to the beneficial use and enjoyment of the purchasers, who under Vernon's Ann. Civ. St. Supp. 1918, art. 3971, are accountable therefor to the seller's creditors, constitutes a conversion which is a trespass within Rev. St. art. 1830, subd. 9, providing that a civil action in damages for trespass may be brought in the county where the trespass was committed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespass.]

Harper, C. J., dissenting.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by S. P. Rumph and another, doing business as the Bank of Carbon, against C. E. Coxe, formerly doing business as the Coxe Mercantile Company, and others. From an order sustaining a plea of privilege and changing the venue to another county, plaintiffs appeal. Reversed and remanded.

L. H. McCrea, of Cisco, and C. E. Coombes, of Abilene, for appellants.

Scott W. Key, of Eastland, and Goggans, Bateman & Leaverton, of Breckenridge, for appellees.

HIGGINS, J. S. P. and D. S. Rumph, engaged in the banking business under the partnership name of the Bank of Carbon, brought this suit in Eastland county against C. E. Coxe, of Stephens county, formerly engaged in the mercantile business at Carbon, in Eastland county, under the name of Coxe Mercantile Company, and against L. M. Smith and G. C. Butler. The suit against Coxe was based upon certain notes executed by the Coxe Mercantile Company payable to the bank. The notes were payable at Carbon, which is in Eastland county. The suit against Smith and Butler was based upon a sale made by the mercantile company to them of its stock of merchandise and fixtures in violation of article 3971 R. S., commonly known as the "Bulk Sales Law." It was also alleged that Smith and Butler had assumed and agreed to pay the notes sued upon. Smith resides in Stephens county; Butler in Shackelford county. Smith and Butler filed a plea of privilege, claiming the right to be sued in either Stephens or Shackelford county. The plea was controverted, and upon hearing was sustained and the venue changed to Stephens county. From this order the plaintiffs appeal.

[1] The evidence does not support the allegation that Smith and Butler had assumed and agreed to pay the notes sued upon. All the evidence upon that issue is to the contrary, and simply because the defendant Coxe was properly suable in Eastland county, by virtue of his written obligation to pay in that county, does not render Smith and Butler suable there under subdivision 5 of article 1830, R. S. This is settled by the case of Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S. W. 5.

[2] It is also contended by appellants that Smith and Butler were suable in Eastland county under subdivision 9 of the venue statute which provides that, when the foundation for the suit is some crime or offense or trespass for which a civil action in damages may lie, .the same may be brought in the county where such crime, or offense, or trespass was committed. This is well taken. The evidence shows that the whole stock of merchandise and fixtures of the Coxe Mercantile Company at Carbon were sold and delivered in bulk to Smith and Butler, that such sale was made in violation of the Bulk Sales Law, and that the purchasers failed to comply with the various requirements of that act. By section 1 of the act (article 3971, Complete Texas Statutes 1920 [Vernon's Ann. Civ. St. Supp. 1918, art. 3971]) it is provided that such a sale is void as against the creditors of the seller, and that—

"Any purchaser or transferee who shall not conform to the provisions of this act shall, upon application of any of the creditors of the seller or transferror, become a receiver

---

⬥⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer."

By virtue of the provisions of this law Smith and Butler, under the facts indicated, held the merchandise and fixtures as receivers and in trust for the creditors and were accountable to them therefor. The creditors thus had a beneficial interest in the property of some kind, the exact nature of which it is not necessary to determine. The testimony discloses that after thus acquiring possession of the property Smith and Butler continued to conduct the business as a going concern from September 19th to January 15th following, selling the goods, replenishing the stock, retaining and appropriating to their own use the proceeds of the sales made and the balance of the unsold property. Such appropriation by Smith and Butler to their own beneficial use and enjoyment of property which they held in trust for the creditors and to whom they were accountable for such property constituted, in the opinion of the majority, a conversion and rendered them liable to the creditors as for conversion. It was so held in Hay v. Behrens Drug Co. (Tex. Civ. App.) 214 S. W. 940.

Such conversion is shown to have occurred at Carbon, in Eastland county, and the question thus arises whether it is a "trespass" within the meaning of subdivision 9, art. 1830, R. S. The act of conversion here shown is in "trespass" within the meaning of the statute. Carver Bros. v. Merrett (Tex. Civ. App.) 184 S. W. 741; Ward v. Odem (Tex. Civ. App.) 153 S. W. 634; Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618.

For the reason indicated, the court erred in sustaining the pleas of privilege.

Reversed and remanded.

HARPER, C. J. (dissenting). I do not agree that the purchase of this stock of goods and the failure to comply with the provisions of the "bulk sales statute" constitutes "trespass" within any definition of the term.

"Trespass generally involves force, yet in the broadest sense comprehends any misfeasance, transgression, or offense which damages another's person, health, reputation, or property." 26 R. C. L. p. 930; Ward v. Odem (Tex. Civ. App.) 153 S. W. 634.

No property or person was damaged, nor was any property of plaintiff converted. The sale by the Coxe Mercantile Company to Smith and Butler passed the title, subject only to the "right of the creditors of the former, by proper proceedings, to secure the application of the value of the goods to the

satisfaction of their debts." Nash Hardware Co. v. Morris, 105 Tex. 217, 146 S. W. 874.

The purchase was not a trespass, nor could the failure to comply with the statute applicable to bulk sales be such, for a mere neglect or omission to do a duty cannot be a trespass. Ricker Lee & Co. v. Shoemaker, 81 Tex. 26, 16 S. W. 645.

I therefore think the order changing the venue was properly entered.