**PEOPLE'S STATE BANK OF RANGER v. NATIONAL BANK OF COMMERCE OF HOUSTON et al. (No. 6875.)\***

(Court of Civil Appeals of Texas. Austin. Nov. 12, 1924. Rehearing Denied Dec. 10, 1924.)

**1. Chattel mortgages ⟲176(1)—Assignor of notes secured by mortgage held proper party to suit by assignee against others to foreclose and for conversion of mortgaged property.**

In action by assignee of notes, secured by chattel and real estate mortgages, for foreclosure and recovery for conversion of mortgaged property, the assignor of such notes is a proper party, he having an interest in converted property by reason of his liability to assignee, and is entitled to have mortgaged property or damages for its conversion applied to payment of notes, to preclude double payment by him.

**2. Venue ⟨⟩⟨⟩22(2)—Conversioner of mortgaged property not suable in county where obligation payable.**

A conversioner of mortgaged property does not thereby become party to note and mortgage and has not agreed in writing to pay or perform an obligation in county where note was made payable, warranting suit against him in such county under Rev. St. art. 1830, subd. 5.

**3. Venue ⟨⟩⟨⟩27—Suit by assignee on notes secured by mortgage and for conversion of mortgaged property held properly brought in county of residence of assignor.**

The 1913 Amendment to Rev. St. art. 1830, subd. 4 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4), 'providing that assignment of note shall not give subsequent holder right to sue in any other county than that in which suit could have been prosecuted if no assignment was made, does not prevent assignee of notes and mortgage from suing assignor on the notes and one not party thereto, for conversion of mortgage property securing notes, in county of residence of assignor.

Appeal from District Court, Llano County; J. H. McLean, Judge.

Action by the People's State Bank of Ranger, Tex., against the National Bank of Commerce of Houston, Tex., and others. From an order sustaining defendants' plea of privilege and from the judgment transferring the cause of action to county of defendants' residence, plaintiff appeals. Reversed and remanded, with instructions.

T. A. Williams, of Rock Springs, and Strickland & Seagler, of San Antonio, for appellant.

Huggins, Kayser & Liddell, of Houston, for appellee National Bank of Commerce of Houston.

BLAIR, J. This is an appeal from the order of the district court of Llano county, Tex., sustaining the plea of privilege of the National Bank of Commerce of Houston, Tex., and from the judgment transferring the cause of action asserted against it to Harris county, Tex., the county of its residence. For convenience, the two banks will hereinafter be designated Ranger Bank and Houston Bank.

The Ranger Bank controverted the plea of privilege and asserted venue under that portion of article 1830, subd. 4, of our statute, which reads:

"Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants reside."

It also asserted its right to venue in Llano county under subdivision 5 of article 1830, supra, which provides, in substance, that where a person contracts in writing to perform an obligation in a particular county he may be sued there or in the county of his residence.

Omitting formal and immaterial parts, the Ranger Bank's controverting affidavit to the Houston Bank's plea of privilege alleges the following specific facts as grounds for venue in Llano county:

"That this suit was originally filed in this court on the 17th day of November, 1923, by plaintiff against R. H. Wootters, a resident of Bexar county, Tex., Frank Baker, John A. Cowsert, and the firm of Baker & Cowsert, residents of Kimble county, Tex., J. C. Stribling, a resident citizen of Llano county, Tex., the National Bank of Commerce, Houston, Tex., a corporation, domiciled in Harris county, Tex., F. A. Piper & Co., a corporation domiciled in Uvalde county, Tex., and subsequently on the 15th day of April, 1924, plaintiff filed in this cause its amended petition against all of the defendants above mentioned, except F. A. Piper & Co., and in said amended petition made the Citizens' Bank of Higbee, Mo., a defendant in said cause.

"Plaintiff alleges in its petition, among other things, that on the 26th day of November, 1921, the defendant Frank Baker made, executed, and delivered to the defendant J. C. Stribling seven certain promissory notes aggregating the sum of $24,809.32, and that on the same date the defendant Frank Baker executed and delivered to said defendant J. C. Stribling a chattel mortgage on certain sheep, which are fully described in said chattel mortgage, as security for said notes.

"That on the 26th day of November, 1921, the defendants Frank Baker, John A. Cowsert, and the firm of Baker & Cowsert made, executed, and delivered to the defendant J. C. Stribling six certain promissory notes, aggregating the sum of $14,873.26, and that, contemporaneously with the execution of said notes, said defendants, Frank Baker, John A. Cowsert, and the firm of Baker & Cowsert, made, executed, and delivered to the defendant J. C. Stribling a chattel mortgage on certain sheep fully described in said chattel mortgage, as security for said notes.

"That on the 2d day of September, 1922, the defendant R. H. Wootters, by agreement of all interested parties at that time, purchased the sheep covered by the two mortgages above mentioned, and in payment therefor the said R. H. Wootters made, executed, and delivered to the defendant J. C. Stribling eight certain promissory notes, aggregating the sum of $31,219.63, and on the same day the said R. H. Wootters made, executed, and delivered to the defendant J. C. Stribling a chattel mortgage on said sheep, as security for said notes, and, contemporaneously therewith, executed a deed of trust lien on certain real estate, situated in the counties of Houston, and Val Verde counties, state of Texas, all of which is fully set out and described in plaintiff's petition.

"That subsequently the defendant J. C. Stribling transferred and assigned to the Central States Loan Company, of Kansas City, Mo., the Frank Baker notes above mentioned, and also five of the Baker & Cowsert notes above described, four of which were for $2,500 each, and the other one for $2,373.26, which said notes

were transferred and assigned to said loan company as collateral security.

"That on or about the 21st day of January, 1922, the said Central States Loan Company, for a valuable consideration, transferred and assigned to plaintiff the said Baker notes, and the five Baker & Cowsert notes above mentioned, as collateral security for a certain debt, which the said loan company then incurred with this bank.

"That on or about the 21st day of September, 1922, the defendant J. C. Stribling transferred and assigned to this plaintiff all of the Wootters notes above described except one, for the principal sum of $14,586.70, as is clearly set forth in plaintiff's said petition, as collateral security for certain indebtedness owing to plaintiff.

"That all of the said notes aforesaid are past due and unpaid, and that plaintiff is the legal owner and holder of each of said notes, as herein stated to be owned and held by this plaintiff, and in plaintiff's petition sued on.

"That during the spring, or early summer of 1923, the defendant National Bank of Commerce, Houston, Tex., unlawfully took possession of, and thereby converted to its own use and benefit, about 1,400 head of the sheep described in the mortgages hereinabove referred to, which said sheep were of the aggregate value of $11,264.

"It is alleged in plaintiff's said petition that said J. C. Stribling, defendant, transferred only a part of the notes executed by the defendants Baker & Cowsert, Frank Baker, and R. H. Wootters, and that the plaintiff is the holder of only a part of notes of the said series.

"Plaintiff in its petition prays for judgment against the defendants R. H. Wootters and J. C. Stribling for the amount of the said Wootters' notes held by this plaintiff, and for the foreclosure of said chattel mortgage lien executed by said Wootters, and for the foreclosure of said deed of trust lien, executed by the said Wootters, and also prays for judgment against the defendant National Bank of Commerce, Houston, Tex., for $11,264, and also prays for judgment against the defendant J. C. Stribling and the Citizens' Bank of Higbee, Mo., adjusting all equities and claims of the respective parties in and to the proceeds and real estate, as well as the proceeds of the judgment prayed for against the National Bank of Commerce, Houston, Tex.

"That the defendant J. C. Stribling is a resident citizen of Llano county, Tex., and is a necessary as well as a proper party to this suit, for the reason that the defendant, J. C. Stribling, has an interest and equity in the property upon which lien is sought to be foreclosed, in that the plaintiff did not become the owner and holder of all of the notes secured by the chattel mortgages on said sheep; that plaintiff has a right to have the defendant to this suit in order to have all of the equities and claims to said property judicially adjudged; that all of the defendants to this suit have the right to have the defendant J. C. Stribling before this court as a party to this suit, in order to prevent a double recovery against any of them, and to have adjusted all the equities as between them and this plaintiff and J. C. Stribling and of all other parties herein in the mortgaged property upon which a foreclosure is sought."

The Ranger Bank also prayed in the alternative against the defendants other than Stribling, but under the conclusion that we have reached they become immaterial, except as may be stated in the opinion.

The plea of privilege was tried to the court without the intervention of a jury. The Ranger Bank proved the material allegations of its controverting affidavit to the plea of privilege, which were the execution of the notes, mortgages, and deed of trust in suit; the transfer or assignment in writing by J. C. Stribling of a part of them and the mortgages, before maturity, to it, for the purpose of showing title and that Stribling had guaranteed the payment of a part of the notes in suit; and the subsequent conversion of a part of the property covered by the mortgage securing the notes on which Stribling was liable as transferror or assignor.

There is contention that the proof is conflicting as to whether J. C. Stribling was the owner of the $14,586.70, being one of the series of notes executed by defendant Wootters to him, and that it will be presumed, in absence of a specific finding on this issue, that the trial court found him not to be the owner, in support of the judgment rendered.

[1] We think the proof establishes Stribling's ownership of this note as a matter of law. The Ranger Bank's original petition filed herein alleged that it owned this note. Its amended petition on which it went to trial alleged that Stribling owned this note, which is tantamount to a disclaimer on its part. Stribling testified that he owned the note. The mere fact that both Stribling and the Ranger Bank had theretofore laid claim to this note in other suits does not of itself establish that the Ranger Bank fraudulently alleged ownership in Stribling to confer venue in this case. Aside from this question, Stribling had such interest in the mortgaged property converted by the Houston Bank as to make him a proper party to the suit, by reason of his right to have the mortgaged property applied to the payment of the notes on which he was liable as assignor to the Ranger Bank, in order that he might not be required to make double payment thereon. That being true, Stribling has the right to have whatever interest he may have in the mortgaged property, whether the right arose from his ownership of the note in question, or arose by reason of his right to have applied to the extinguishment of the notes which he guaranteed the payment of, the property mortgaged to secure them, and is therefore a proper party to the suit.

[2, 3] In briefing the case the Ranger Bank has abandoned the right asserted to maintain this suit in Llano county under subdivision 5 of article 1830, supra, because the notes were payable in said county, and correctly so, for it is well-established law that a conversioner of mortgaged property does not thereby become a party to the note and mortgage, and therefore has not agreed in writing to pay or perform an obligation in the

county where the note is made payable. Bolan v. Wrather (Tex. Civ. App.) 239 S. W. 279. That being true, the question raised by this appeal is whether the Ranger Bank may maintain this suit under subdivision 4 of article 1830, supra, having sued J. C. Stribling, a resident of Llano county, as transferror or assignor of the notes and mortgage sought to be foreclosed, as well as to adjudicate the rights and equities of the parties in the mortgaged property, including the right or equity of the said resident defendant therein. On this question the Ranger Bank predicates one proposition of law, which reads:

"Where suit is brought against several defendants in the county of the residence of one of them on notes and for foreclosure of a mortgage on personal property, one who resides in another county can be compelled to answer in the same suit for the conversion of the property or of a part thereof covered by said mortgage, if the defendant who resides in the county where the suit is brought is either a necessary or a proper party to said suit."

This proposition correctly states the law of this case. It is not contended by the Houston Bank that J. C. Stribling, the only resident defendant, is not a proper or necessary party to the Ranger Bank's suit on these notes and to foreclose the mortgage assigned by him to it guaranteeing payment. The specific complaint to venue is that the cause of action asserted against J. C. Stribling is upon his obligation as transferror or assignor of the notes, and that to hold it, in this suit in which the only resident defendant is sued as a transferror or assignor of the notes in suit, would be violative of what is termed the "1913 Proviso Amendment" to article 1830, subd. 4, which reads:

"Provided that the transfer or assignment of note or chose of action shall not give any subsequent holder the right to institute suit on such note or chose of action in any other county or justice precinct than the county or justice precinct in which such suit could have been prosecuted if no assignment or transfer had been made."

It is clear to our minds that this amendment only relates to a suit by a subsequent holder against one who is, or who may thereafter become, a party to the note or chose in action assigned or transferred. In fact, the language of the amendment construes itself in this particular. The inhibition expressed by this amendment is against a suit by a subsequent holder by reason of the transfer or assignment, and to a suit "on the note or chose in action so transferred or assigned." It has no relation to a suit or cause of action in favor of a transferee or assignee of a note and chattel mortgage securing it, arising subsequent to the transfer or assignment and growing out of the transaction or subject-matter of the note and mortgage, such as a suit or cause of action against one, not a party to the note and mortgage, but who is charged with the conversion of a part of the mortgaged property securing the note; and in which suit the rights and equities of all the parties alleged to be interested in the mortgaged property so converted are sought to be adjudicated. Such suits or causes of action do not arise to a transferee or assignee by reason of the transfer or assignment, but arise independent of it, and because of the conversion of the property pledged to secure the note; and are so connected with the subject-matter of the suit on the note and to foreclose the mortgage on the property converted, and to the suit to adjust the equities and rights of all the parties alleged to have an interest in the converted property covered by the mortgage, as to authorize the joining of such suits or causes of action under our system of procedure which does not favor a multiplicity of suits. The cause of action asserted against the Houston Bank by the Ranger Bank for conversion arose by reason of its ownership of the notes and mortgages sued upon, and its right to have the property converted applied to their extinguishment. A suit or cause of action arose in favor of defendant J. C. Stribling against the Houston Bank for conversion by reason of his right to have the property converted by it applied to the extinguishment of the notes which the property secured, and on which he was obligated as a transferror or assignor, and to have any of the property converted, or the damages therefor, applied to the note held by him and also secured by the mortgage, if any remained after discharging in full the Ranger Bank's notes of that series. The defendant Stribling is entitled to have the damages assessed for the conversion and applied to the discharge of the notes which he guaranteed the payment of, in order that he may not be subjected to the liability of having to make double payment thereon.

The mere fact that the suit is against a resident defendant who is liable on the notes in suit as transferror or assignor only, and to adjust his rights and equities in the mortgaged property securing the notes, is not material. The material inquiry is whether the suit is properly brought against him in the county of his residence, for as to such suit he is a necessary as well as proper party in the capacity sued. As between all the parties to the notes and mortgages assigned to the Ranger Bank and here sued upon, and who are the only parties entitled to enforce the proviso amendment to article 1830, supra, venue is without question properly asserted in Llano county, the residence of defendant J. C. Stribling, who is a proper party by reason of guaranteeing the payment of the notes in suit, and a necessary party to the suit to adjust his equities and rights in the mortgaged property sought to be foreclosed in such suit. That being true, and in view of

our holding that the proviso amendment does not relate to the cause of action asserted against the Houston Bank, and in view of our holding that the suit was properly brought against the resident defendant, it follows that under article 1830, subd. 4, and the adjudicated cases, the plea of privilege should have been overruled. We think Ranger Bank has brought its case clearly within the facts and rule of law announced in the case of Cobb v. Barber, 92 Tex. 309, 47 S. W. 963, in which case it was held that—

"Our system [of practice] does not favor the bringing of a multiplicity of suits, and therefore permits all causes of action growing out of the same transaction to be joined, and all interests in the same property or fund to be litigated, and the equities of the parties adjusted, in the same suit. * * * It follows, as a corollary from what has been said, that all the defendants in this suit are proper parties to it. It is not the duty of a plaintiff to sue those who are proper, but not necessary, parties to it; but it is his right to do so. If rightfully defendants, the suit in a case of this character may be brought in any county in which either of the defendants resides."

See, also, Cotton Concentration Co. v. First Nat. Bank (Tex. Civ. App.) 245 S. W. 118.

The cause is reversed and remanded, with instructions to the trial court to overrule the plea of privilege.

Reversed and remanded, with instructions.