## WOOL GROWERS' CENTRAL STORAGE CO. v. EDWARDS. (No. 2170.)

Court of Civil Appeals of Texas. El Paso. Oct. 4, 1928.

On Rehearing, Oct. 25, 1928.

Morrison & Morrison, of Big Spring, and Collins, Jackson & Snodgrass, of San Angelo, for appellant.

Beall, Beall, & Beall, of Sweetwater, and James Little, of Big Spring, for appellee.

HIGGINS, J. This suit was brought in Howard county by appellee against Harl Stirman, the Wool Growers' Central Storage Company, a corporation, and H. B. Cox. None of the defendants resided in Howard county. Said company and Cox each filed pleas of privilege, the company claiming the right to be sued in Tom Green county where its principal office was located; Cox claiming the right to be sued in Crockett county where he resided. Appellee filed controverting affidavits. The pleas of privilege were overruled, and the case tried upon its merits.

The plaintiff declared upon a note executed by Stirman, payable in Howard county, secured by mortgage upon sheep and cattle originally situate in Pecos county, but later removed to Crockett county, where they were sold by Stirman to said company, which later sold to Cox. It was alleged that the sale from Stirman to said company was pretended, collusive, and fraudulent, and the sale from the company to Cox was of like character, but the company and Cox took possession of the sheep and cattle and converted same to their own use and benefit.

Judgment was prayed first against Stirman for the amount due upon the note; second, for foreclosure of the mortgage against all defendants; third, judgment for the amount of the debt against all defendants if it should appear they had converted the mortgaged property.

Upon trial upon its merits the suit as to Cox was dismissed, and judgment rendered in plaintiff's favor against Stirman for $9,262.46, the amount due upon the note, and against said company for like amount as for conversion of the mortgaged property; from which the company appeals, assigning as error the overruling of its plea of privilege.

Upon hearing of the plea it was shown that prior to the institution of the suit appellant had disposed of all of the mortgaged property, and the only right of action which the plaintiff had against it was based upon conversion.

■ In the present case none of the defendants resided in Howard county, nor did the conversion take place in that county. Ever since Behrens Drug Co. v. Hamilton & McCarty, 92 Tex. 284, 48 S. W. 5, it has been held that the joinder of an action for conversion of mortgaged property with a suit against the mortgagor upon the latter's obligation payable in the county where the suit was brought will not defeat the right of the tort-feasor to be sued for the conversion in the county of his residence. Bank of Carbon v. Coxe (Tex. Civ. App.) 241 S. W. 602; People's State Bank v. Bank (Tex. Civ App.) 267 S. W. 992; Floyd v. Gibbs (Tex. Civ. App.) 34 S. W. 154; Zapp v. Davidson, 21 Tex. Civ. App. 566, 54 S. W. 366. Though such an action can be maintained against such a nonresident tort-feasor in the county where the maker of the note secured by the mortgage resides, and such maker is joined in the suit. Cobb v. Barber, 92 Tex. 309, 47 S. W. 963. It is evident from the two cited cases in the 92 Texas, decided just a week apart, that different rules apply where the venue against the nonresident tort-feasor in the one case is laid under subdivision 5 of article 1995, R. S., and in the other case under subdivision 4 of said article. Many of the cases cited by appellee are referable to the principle of Cobb v. Barber. Cobb v. Barber and cases following same are not in conflict with the Behrens Drug Co. Case.

■ While appellee cites and discusses Cobb v. Barber and cases following same, we do not understand any serious contention is made that the Behrens Drug Co. Case is not authoritative, but appellee relies upon the act of 1927, adding to article 1995, R. S., subdivision 29a, which reads:

"Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." Chapter 72, Acts 40th Leg., F. C. S. p. 197, § 2.

If appellant is a necessary party to this suit, then venue was properly laid in Howard county under the act quoted, for the suit was lawfully maintainable there against Stirman.

It is unnecessary to cite authority in support of the view that there is a plain distinction between necessary and proper parties defendant. No person is bound by a judgment unless he is a party thereto, and in order to bind a proper party to a judgment he must be made a party to the suit.

"Such persons are 'necessary' sub modo—that is, they must be brought in if it is expected to conclude them by the decree; but to call them 'necessary' absolutely is to ignore the familiar and fundamental distinction between the two classes of parties which has just been

mentioned. This inaccurate use of language would make every .person a necessary party, who should actually be joined as a co-defendant in an equitable action." Pomeroy's R. & R. (2d Ed.) § 329; Townes' Texas Pleading (2d Ed.) 258.

Under the familiar rules governing the distinction between necessary and proper parties, appellant was not a necessary party to the plaintiff's suit against Stirman. Townes' Texas Pleading (2d Ed.) 258; 11 Cyc. 620; Boydston v. Morris, 71 Tex. 698, 10 S. W. 331; Williams v. Beasley, 5 Tex. Civ. App. 408, 25 S. W. 321; Smith v. Wall (Tex. Civ. App.) 230 S. W. 759; Zapp v. Johnson, 87 Tex. 641, 30 S. W. 861; Focke v. Blum, 82 Tex. 436, 17 S. W. 770.

In our opinion it is wholly inadmissible to say that appellant was a necessary party to the suit against Stirman and the venue as to appellant properly laid in Howard county, under the Act of 1927, supra. The court erred in overruling the plea of privilege.

Reversed and remanded, with instructions to change the venue of the suit, as to appellant, to Tom Green county.

### On Rehearing.

The Wool Growers' Central Storage Company alone appealed; hence the judgment of the lower court, as it affects Cox and Stirman, should not be disturbed.

The judgment of this court heretofore rendered is set aside, and it is now ordered that the judgment of the lower court, as it affects Cox and Stirman, be not disturbed; as such judgment affects the Wool Growers' Central Storage Company, the same is reversed and remanded, with instructions to change the venue of the suit, as to appellant, to Tom Green county