ROUNTREE MOTOR CO. et al. v. INSUR-
ANCE CO. OF NORTH AMERICA.

No. 10159.

Court of Civil Appeals of Texas. Galveston.
May 14, 1936.

Rehearing Denied June 4, 1936.

Henderson & Copeland, of Houston, for appellants.

Bryan & Bryan, of Houston, for appellee.

GRAVES, Justice.

The appellee sued the appellants for the title to and possession of a Packard Automobile, alleged to belong to it by reason of the fact that it had originally insured the car for $1,770.69 for the Packard Automobile Company of Detroit, Mich., and its branches, subsidiaries, and affiliated and associated companies, its then owner; that subsequently the car had been turned over by this parent-company of Detroit to its subsidiary and sales-representative, the Packard Motor Company of New York, from which latter concern it had been stolen, or taken without its consent, by some one to it unknown, while standing upon the streets of Brooklyn, N. Y., about the 1st of March of 1930; that upon the presentation to it of a claim of loss of the car pursuant to the terms of its policy of insurance, the appellee paid the full amount of the policy in redemption thereof to the Packard Company of New York (through the parent-concern of Detroit) and took from it a transfer and conveyance of all its rights in or title to the car and to the proceeds of any salvage that might be made from it; that thereafter this identical car was found in the possession of the appellants in Houston, Tex.—the engine and serial numbers thereon having been in the meantime changed, however—whereupon the appellee sequestered the same, then proceeded in this cause to try out the title and right of possession thereof with the appellants.

The appellants answered with pleas of misnomer, general demurrer, and general denial.

The trial court submitted the cause to a jury upon a single issue of fact, which was as follows:

"Special Issue No. I: Do you find from a preponderance of the evidence that the car sequestered by the plaintiff in this

case from the defendant is the same identical car as the car taken from possession of the agent of the Packard Motor Company of New York on March, 1930?"

And upon the coming in of the jury's answer, "It is," judgment was rendered upon that verdict as well as upon the law and evidence in favor of the appellee for title and possession of the car, substantially as prayed for by it; this appeal proceeds regularly from that action so taken below.

■ In this court appellants' chief complaints against the judgment, stating them generally, are:

(1) That the court improperly so reduced the fact-issues to the single one of whether or not the car sequestered by the appellee from them was the identical one taken from the possession of the agent of the Packard Company of New York on March 1, 1930, because the appellee had failed to make out its equitable and contract-subrogation claim of right to the car in not having proven a theft thereof, and had also failed to establish its asserted superior title otherwise thereto, wherefore, in the absence of an antecedent showing either of theft or superior legal title, the mere proof of identity was insufficient to support the judgment.

(2) That the policy of insurance the appellee claimed under by its terms did not protect the Packard Company of New York as for a theft of the car involved, nor did the proof show that the Packard Company of Detroit was the former's parent company, with authority to adjust its insurance rights, but, on the contrary, the whole evidence showed that the appellee in so paying the policy of insurance its claim rested upon was a mere volunteer, hence was not entitled to any subrogation either by contract or law by having done so.

(3) That the court improperly admitted in evidence the testimony of the witnesses John A. French, L. C. Brown, N. E. Haber, and E. C. Hoelzle, as well as copies of the insurance policy appellee declared upon and photostatic copies both of various instruments introduced in evidence and of the records of the several corporations that dealt with the Packard Company.

None of these contentions, it is thought, point out any reversible error; in the first place, the appellee's pleadings based its claims to the car not alone upon subroga-tion under a policy contract providing therefor, as well as equitable subrogation resulting from its having paid the loss of another, but additionally upon an asserted superior title emanating from the original owner and manufacturer of the car—that is, the Packard Company of Detroit; indeed, it not only so pleaded, but the documents it introduced, if not properly subject to the appellants' objections thereto, showed a regular title by written assignment and transfer down to itself from both of the Packard Companies involved of all the rights each of them had ever had in this car at any time, whether by virtue of the insurance policy the appellee had so issued on it, or otherwise; wherefore, the conclusion reached by the trial court that the appellee was only required, in the state of its pleadings and proof, to further establish that this car was the identical one that had been manufactured by the Packard Company of Detroit and thereafter sold by its subsidiary, the Packard Company of New York, to the appellee was correct; this for the twofold reason that the appellee, while it conclusively if not indeed undisputedly showed that the car had been taken from the possession in New York of its predecessor in title thereto by theft, under its further and equally well-established claim to the superior title thereto under the documentary evidence it introduced, was not dependent upon the theft theory for proof that it had a better right to the car than the appellants; and, since, as stated, the evidence establishing its superior title otherwise than through the alleged theft, as well as the occurrence of the theft itself, was so overwhelming as to make both of those contentions an inevitable inference of fact, the learned trial court in consequence committed no error prejudicial to the appellants in so reducing the single issuable fact between them and the appellee to whether or not the car found in appellants' possession in Houston was the same car the appellee had insured in the manner it alleged; at most, the appellants' claim to the car was merely a rebuttable presumption of fact arising from their having been in possession of it at the time writ of sequestration was served upon them, and the overwhelming, if not actually uncontroverted, evidence the appellee produced showing that it held title directly down through the manufacturer of the car and its subsidiary and sales agent in New York—both under a superior title

through instruments in writing conveying it, and through subrogation under its declared upon policy of insurance both by contract and at law—all vestige of such a presumptive title in appellants was obliterated; it seems entirely probable that the appellants were merely the innocent victims of a bunco-steerer in finding themselves thus in possession of this car in Houston with numbers on it that did not correspond with the numbers originally placed on it in the Detroit company's factory and maintained there until it disappeared at the hands of some person unknown from the possession of the subsidiary Packard Company in New York, the testimony in their behalf being that they took the papers ostensibly showing a registration of the car under the numbers then on it in accord with the registration laws of New York, and in good faith paid $1,000 in cash for it; while, therefore, their good faith in having thus bought and come into possession of this car may be conceded, the fact remains—that as against the claims of the appellee—they were shown to have no title to it.

■ It might further be conceded that the proof as to theft of the car from the possession of the New York Packard Company was not established with that strictness that would have led to the conviction of any person for that crime against the criminal law, but in this civil proceeding that was not necessary, the showing upon appellee's part that it was at the time and place alleged deprived of the possession of the car by some one to it unknown without its consent being sufficient to make out a theft within the meaning of its policy of insurance whereby it had undertaken to protect the parent Packard Company and its subsidiaries, as their interest might appear for the account of whom it might concern, against the hazards of fire and theft on this very property. 36 Texas Jurisprudence, pp. 942, 943, § 9; Dawedoff v. Hooper (Tex.Civ.App.) 190 S.W. 522; Potomac Ins. Co. v. Nickson, 64 Utah, 395, 231 P. 445, 42 A.L.R. 128.

■ Neither has this court found difficulty in approving the admission of the various details of the testimony the appellants objected to, as recited supra; on the contrary, an inspection of the statement of facts shows that with meticulous care and compelling force the appellee traced with direct, positive, and uncontroverted testimony of witnesses having personal knowl-

edge of the matters upon which they deposed, the manufacture of this car by the Detroit company under serial and body numbers thereon that were different from those of any other car it had ever manufactured, its sending the same to its New York subsidiary and sales agent, the issuance by the appellee to the parent company for the benefit of itself and its subsidiaries of the policy of insurance on that car herein declared upon, the subsequent disappearance of it in the given circumstances from the possession of the New York company without its consent, the consequent payment under the insurance policy by the appellee to the parent Packard Company in Detroit, which had special authority by contract with its subsidiary in New York to so receive the same for the benefit of the latter concern, and, finally, the due sale, assignment, and transfer to the appellee by the New York Company of all right, title, and interest in the car, or in anything that might be salvaged from it; this conclusion particularly applies to the specific objection made to the testimony of the witnesses French, Brown, Haber, and Hoelzle, together with the exhibits and copies, certified and photostatic, received in connection therewith; examination shows that these witnesses had personal knowledge of the matters upon which they were testifying and that they gave the facts apparently as they understood them, in response to interrogatories as to form all within legal requirements, hence that their testimony was not, as claimed, in response to leading, suggestive, or conclusion-inducing inquiries, nor that they were irresponsive to the interrogatories; the witness French was an employee and salesman for the New York company and testified to what he saw and did in connection with this car the jury found was the one in his possession in New York—that is, that he was demonstrating with it on the streets there, left it for a few moments to attend to some other business, locking it and taking the key with him; that when he returned the car was gone; the witness Brown, a Houston policeman, detailed from his own knowledge and observation what he was and knew about as to the numbers on the automobile here involved at the time it was sequestered from the appellants for the appellee in this proceeding; such incidental confusion as he may have exhibited as to certain unimportant details does not detract from the force of his

otherwise positive and direct testimony from his personal knowledge as a result of his examinations then made.

█ Neither is there found to be any substantial variance between the policy of insurance introduced in evidence, being its "No. IT-15603," and the one declared upon in its pleadings; the admission of photostatic copies of the various instruments in evidence, inclusive of such copies of the corporate records of different business concerns, which records were located outside of the state of Texas, did not violate the well-established best evidence rule, in that, in such circumstances, secondary evidence of the kind here received is admissible; the rule is thus stated in 17 Texas Jurisprudence, § 192, p. 492:

"Where an original writing is beyond the jurisdiction of the court, secondary evidence of its contents is admissible without notice or any evidence showing an effort to produce the original."

See, also, same volume, § 189, at page 487, 488, and these additional authorities: Smith v. Traders' National Bank, 82 Tex. 368, 17 S.W. 779; Veck v. Holt, 71 Tex. 715, 9 S.W. 743; Lindsay v. Woods (Tex. Civ.App.) 27 S.W.(2d) 263. Especially is the rule recited in these authorities applicable here, where it is disclosed that in all the criticized depositions referred to the appellee specially requested first that the originals of the documents inquired about be attached to the answer, and that if they could not be had or secured, then that photostatic copies be made and attached to the answers under proper identification and verification, all of which was meticulously pursued and followed as to all the certified and photostatic copies of the record herein complained of; the standing of such of them as were photostatic copies, as evidence, is approved in such cases as Baldwin v. Chambers (Tex.Civ.App.) 36 S.W.(2d) 531, and Carter v. Green (Tex.Civ.App.) 64 S.W.(2d) 1069.

It would extend this opinion too far to detail further conclusions upon the specific protests made against the judgment, since they are elaborated to great length. Suffice it to say that in our opinion the cause was fairly tried, that the issues of fact were properly reduced to the one answered by the jury, that the verdict is fully sustained by the evidence, and that the judgment should be affirmed; it will be so ordered.

Affirmed.